### DOWDALL v. GEORGE BORGFELDT & CO.

(Supreme Court, Appellate Term. January 8, 1909.)

1. PRINCIPAL AND AGENT (§ 123*)—AUTHORITY OF AGENT—EVIDENCE.

Evidence, in an action for the price of goods sold, *held* not to show that plaintiff's clerk who received defendant's checks sent in payment of the goods and indorsed them and collected the money, but failed to account for it, was authorized by plaintiff to indorse his checks.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 428; Dec. Dig. § 123.*]

2. PAYMENT (§ 67*)—PAYMENT BY CHECK—BURDEN OF PROOF.

In an action to recover the price of goods sold, in which defendant sets up payment by check, the burden is upon defendant to show that the checks were duly indorsed by plaintiff or his authorized agent and proceeds paid to him.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 190; Dec. Dig. § 67.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles E. Dowdall against George Borgfeldt & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Heyn & Covington, for appellant.
Hugo S. Mack, for respondent.

GILDERSLEEVE, P. J. These are appeals from two judgments against the defendant, a New Jersey corporation. At the close of the testimony the learned trial judge directed a verdict in favor of the plaintiff for the full amount in both cases, and ordered judgment thereon. The actions were tried together, and each appeal presents the same questions for review by this court.

The claims are for merchandise sold and delivered to the defendant in February and March, 1905, and the actions were commenced in July and September, 1908. The defense is payment. It is undisputed that plaintiff had numerous dealings with the defendant prior to the transactions in question, and that it was customary for the defendant to send to the plaintiff by mail checks in payment of bills, together with statements of the goods received. It appears that this practice was followed in reference to the merchandise in question, and the defendant's checks and statements were duly mailed to the plaintiff at his place of business, and there received, during the absence of the plaintiff, by one Harold Goldman, who was in plaintiff's employ. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

learned counsel for the appellant in his brief, while not admitting, assumes for the purpose of argument the following:

"That Goldman opened the mail received by the plaintiff, and forged the indorsement of the plaintiff on the check, and indorsed his own name on the same, and deposited the check in his own bank, and misappropriated the proceeds thereof."

The facts thus assumed are fully established by the proof. It therefore appears that, although the checks reached through the mail in the usual way the plaintiff's place of business, he never received the money thereon. No other payment than such as was attempted by these checks is claimed by the defendant. Upon the trial the plaintiff testified to the delivery of the goods, demand for payment, and that the money had never been received, and rested his case. The action being for the recovery of the original debt, the burden was upon the defendant to show that the checks were duly indorsed by the plaintiff, or his authorized agent, and the proceeds paid to him. All the defendant was able to do in this regard was to produce the checks purporting to be indorsed by the plaintiff. The positive proof was that Goldman had indorsed the plaintiff's name thereon and misappropriated them, without the knowledge of the plaintiff. Had the defendant produced any proof tending to show that Goldman was the authorized agent of the plaintiff to indorse the checks, notwithstanding the testimony of the plaintiff that he had never received the checks nor the proceeds thereof, an issue of fact might have been presented for submission to the jury.

The proof is that Goldman's duties consisted in taking charge of the books and making entries therein, opening mail and laying it upon plaintiff's desk, and occasionally collecting checks, when specifically authorized to do so by plaintiff. He did not have charge of plaintiff's business. At times plaintiff authorized him to deposit checks in the bank where plaintiff had his account, authorizing him to use for that purpose the hand stamp which read as follows: "Pay to Irving National Bank. Charles E. Dowdall." It appears that the plaintiff had no other hand stamp, and that he deposited nowhere but in the Irving National Bank. Goldman deposited the checks with "M. & L. Jarmulowsky," and they were collected through the Mechanics' & Traders' Bank, and honored by the Lincoln Trust Company, upon which they were drawn. It seems to be conceded, by counsel for both parties, that Goldman was indicted for forgery of one of the checks in October, 1905, and that he was released on bail and fled the jurisdiction. The defendant failed to produce sufficient evidence to support a conclusion that Goldman was the authorized agent of the plaintiff to indorse the checks. There was no question for the jury. Bernheimer v. Herrman, 44 Hun, 110; Robinson v. Chemical National Bank, 86 N. Y. 404; Thomson v. Bank of British North America, 82 N. Y. 1.

Judgment affirmed, with costs to the respondent. All concur.