BURSTEIN et al. v. SULLIVAN.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. PAYMENT (§ 22*)—PAYMENT BY CHECK—EFFECT OF NONPAYMENT OF CHECK.
    The delivery by the debtor of his check in payment does not of itself discharge the debt; but where the check is not paid the creditor may sue, either on the original indebtedness or on the check.
    [Ed. Note.—For other cases, see Payment, Cent. Dig. § 88; Dec. Dig. § 22.*]

2. PAYMENT (§ 22*)—PAYMENT BY CHECK—EFFECT.
    Where a debtor delivers his check to the creditor, or his agent duly authorized to receive it, and has funds in the bank to meet it, the trans-action, as between the debtor and creditor, should be treated as a pay-ment, precisely as though cash had been paid, though the agent forges an indorsement and steals the money.
    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 87, 88; Dec. Dig. § 22.*]

3. PRINCIPAL AND AGENT (§ 109*)—AUTHORITY OF AGENT.
    Authority of an agent to collect a debt does not involve authority to indorse a check given in payment of it, and express authority or power involving authority to indorse a check must be conferred on the agent.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 322; Dec. Dig. § 109.*]

---

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PARTNERSHIP (§ 169*)—AUTHORITY OF AGENT.
    Where the general manager, in sole charge of a firm business conducted
    under a fictitious name, rendered a bill to a debtor of the firm, who drew
    a check payable to the order of the fictitious firm and delivered it to the
    manager, the bill was paid, though the manager, using a rubber stamp
    provided by the firm, obtained the cash on the check and appropriated it
    to his own use.
    [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 169.*]

Appeal from Municipal Court.

Action by Louis Burstein and others, doing business as the Peerless
Garage, against William F. Sullivan. From a judgment for plaintiffs
in the Municipal Court, defendant appeals. Reversed, and new trial
ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and MIL-
LER, JJ.

Clarence S. Woodman, for appellant.
Charles Burstein, for respondents.

MILLER, J. This suit is brought to recover for repairing an auto-
mobile. The defense is payment. The plaintiffs, copartners, did
business under the name "Peerless Garage." It is conceded that the
business was conducted by one Max Melle as general manager. The
plaintiffs' names did not appear on their billheads or stationery; but
the manager's name was stamped thereon, over the word "Manager."
He had authority to render bills and receive payments. The plaintiffs
furnished him a rubber stamp, with the words "Peerless Garage,
by . . . . . . Mgr.," which he was authorized to use in signing letters
and receipts; but the plaintiffs' evidence is that he had no express au-
thority to sign checks. He presented a bill to the defendant, who drew
a check for the amount of the bill, payable to the order of "Peerless
Garage," and delivered it to him. He indorsed it "Peerless Garage, by
Max Melle, Mgr.," using the rubber stamp aforesaid, drew the money
on it, and appropriated it to his own use.

The respondents seek to support the judgment in their favor by the
following authorities: Bernheimer v. Herrman, 44 Hun, 110; Dowdall
v. Borgfeldt & Co. (Sup.) 113 N. Y. Supp. 1069; Thomson v. Bank of
British North America, 82 N. Y. 1; Robinson v. Chemical Nat. Bank,
86 N. Y. 404. In respect to the first two cases cited, it is sufficient
to say that in neither was the agent who made the indorsement on the
check a general manager, having the sole charge of the business;
and the others do not decide the point involved here. In the Thomson
Case, the check was drawn to the order of a third person, who never
received it, because it was misappropriated by the attorney for the
plaintiff and such third person, who, however, had no authority, real
or apparent, to indorse the check. It is plain that the decision in that
case was put upon the ground that the plaintiff could not recover from
the bank, upon whom the loss should ultimately fall. Wherefore the
court allowed the accounts between the plaintiff and the defendant to
be opened to charge the loss to the latter, who could recover from
the bank at fault. In the Robinson Case, the payee of the check—or,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be accurate, his successor—was allowed to recover from the bank upon which it was drawn on the ground that the check was indorsed by one having no authority. That case makes for the defendant, as it establishes the proposition that the plaintiffs in this case could recover from the bank paying the check, provided such payment was wrongful.

A payment to Melle in cash would have been a payment to the plaintiffs, though he had stolen the money; and the defendant should not be compelled to pay twice, or subjected to the hazard of a lawsuit with the bank, for having taken the precaution to protect the plaintiffs by making a check payable to their order. It is true that the delivery of a check or of a note does not of itself discharge the indebtedness. If the check or the note is not paid, the creditor may sue on the original indebtedness. But the cases dealing with that subject have no application whatever to the question in hand. If this check had not been paid by the funds of the defendant on deposit in the bank upon which it was drawn, the plaintiffs could sue, either upon the check or the original indebtedness; and, of course, the defense of payment could not successfully be pleaded to a suit on the original indebtedness. But where a debtor delivers his check to the creditor or his agent, duly authorized to receive it, and has funds in the bank to meet the check, the transaction, as between the debtor and the creditor, should be treated as a payment, precisely as though cash had been paid, even though the agent forges an indorsement and steals the money. No doubt, the rule is that express authority, or power involving such authority, must be conferred upon an agent to sign negotiable paper, and that authority merely to collect a debt does not involve authority to indorse checks given in payment of it; but those propositions and the authorities in support of them are aside from the point now involved. Upon the delivery of the check to Melle, in payment of the bill rendered by him, it became the plaintiffs' property; and, if their agent by a forged indorsement, or one made without sufficient authority, obtained the cash and appropriated it to his own use, they should settle the question with the bank. See Sage v. Burton, 84 Hun, 267, 32 N. Y. Supp. 1122; Allen v. Tarrant & Co., 7 App. Div. 172, 40 N. Y. Supp. 114.

While we do not decide the point, it may at least be suggested that the plaintiffs' right to recover, even from the bank, is by no means plain. Melle was not a mere bookkeeper, or clerk, or agent to collect. He was a general manager, having the sole charge of the business, and the only one whom the public knew. He made the indorsement on the check by using a stamp furnished him by the plaintiffs, for the purpose, at least, of signing the firm name to certain papers. I think that any bank, knowing that he was in fact the plaintiffs' manager, having sole charge of their business, conducted in the method disclosed, would have cashed this check upon the indorsement as made without inquiring further into his authority. It is by no means certain that the court would compel the bank to make good the loss; but it is enough for this case to hold that the defendant could not be subjected to the trouble or hazard of undertaking it.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.