BURSTEIN et al. v. PEOPLE'S TRUST CO.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

BANKS AND BANKING (§ 140*)—LIABILITY TO OWNER OF CHECK.

Plaintiffs were copartners doing business as the "Peerless Garage." S. drew his check to the order of the "Peerless Garage" on the defendant bank. Plaintiffs had no account with the defendant, but M., plaintiff's manager, indorsed the check with a stamp, "Peerless Garage," by himself as manager, and also indorsed the check individually, and deposited it to his individual account with defendant. There was no proof that M. had authority to indorse checks for plaintiff, though he had authority to receive cash or checks in payment of bills. *Held*, that defendant was liable to the plaintiffs for the amount of the check.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 380–397; Dec. Dig. § 140.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Louis Burstein and others against the People's Trust Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Clarence Sage Woodman, for appellant.

Charles Burstein, for respondents.

CARR, J.   The defendant appeals from a judgment of the Municipal Court, in the borough of Brooklyn, in favor of the plaintiffs for $78.06.   The action was brought by the plaintiffs to recover the value of a check alleged to have been converted by the defendant. The plaintiffs were copartners, doing business under the trade-name of the "Peerless Garage."   One Dr. Sullivan had some repair work done on his automobile by the plaintiffs at the said garage.   He received a bill from the plaintiffs for $63 for the work done.   He drew his check on the People's Trust Company for $63, and made it to the "Peerless Garage" as payee.   He delivered this check to one Melle, who was the manager in charge of the garage.   The plaintiffs had no account with the defendant, nor any dealings with it; but Melle had an individual account with the defendant, and indorsed the check, partly by a rubber stamp and partly in writing, "Peerless Garage, by Max Melle, Mgr."   Underneath this indorsement he indorsed the check individually.   He took the check to the defendant, and deposited it to his individual account.   The plaintiffs never got any of the proceeds of the check.   They have sued Dr. Sullivan for the amount of the bill, and obtained judgment against him.   This judgment was reversed on appeal in this court.   Burstein v. Sullivan, 134 App. Div. 623, 119 N. Y. Supp. 317.

After proceeding against Sullivan unsuccessfully, they then began an action against this defendant, on the theory that its act of receiving the check from Melle constituted a conversion thereof.   In the record before the court on this appeal, it appears that Melle had authority to receive cash or checks in payment of bills rendered for services done by the plaintiffs.   There is no proof that he had any authority to indorse checks after their receipt.   There is no proof that at the time the defendant took this check in question it had ever been led by the plaintiffs to suppose that Melle had any power to indorse checks.   In fact, there is no connection in any way between the plaintiffs and the defendant, except that of the particular transaction which forms the basis of this suit.   I do not see how this case is to be distinguished from Schmidt v. Garfield Nat. Bank, 64 Hun, 298, 19 N. Y. Supp. 252, affirmed 138 N. Y. 631, 33 N. E. 1084, and Robinson v. Chemical Nat. Bank, 86 N. Y. 404.

There is in the opinion of this court in Burstein v. Sullivan some language upon which the appellant relies for a reversal of this judgment.   The language in question is declared by Miller, J., to be obiter, and not at all necessary to the decision of the case, and it is plainly

so. This language intimates that, under the facts then before the court, the bank might not be held liable in a suit by the plaintiffs. The present record is not the same as the record which was then before the court. The expression of opinion by Miller, J., is based upon assumed facts, which do not appear in this present record.

I recommend that the judgment be affirmed, with costs. All concur.

