LUCILE B. SPAULDING, Respondent, v. THE FIRST NATIONAL BANK, Appellant.

Fourth Department, July 1, 1924.

Banks and banking — action against drawee bank for conversion of check — complaint states facts sufficient to constitute cause of action — action for conversion of check will lie against drawee bank — pleadings — defect of parties not ground for dismissal of complaint under Rules of Civil Practice, rule 106 — motion should be made under Rules of Civil Practice, rule 102.

The complaint in an action against a bank to recover for the conversion of a check drawn on the bank states facts sufficient to constitute a cause of action which alleges that the check was payable to the order of the plaintiff and another person, the amount of the check, that the defendant wrongfully and without authority of the plaintiff obtained possession of the check, that the plaintiff's indorsement thereon was a forgery, that the defendant wrongfully disposed of and converted the proceeds of the check to its own use, and that the plaintiff has demanded payment thereof, which has been refused.

An action for the conversion of a check may be maintained against the drawee bank.

A defect of parties is not a ground for the dismissal of the complaint under rule 106 of the Rules of Civil Practice but the motion for that relief must be made under rule 102 of the Rules of Civil Practice to correct the pleading by amendment.

APPEAL by the defendant, The First National Bank, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 8th day of February, 1924, denying the defendant's motion to dismiss the complaint.

*White & Case* [*James Adam Murphy, Allen McCarthy, Edward R. Bosley* and *David T. Murray* of counsel], for the appellant.

*Messer & Stearns* [*G. Raynolds Stearns, Jr.,* of counsel], for the respondent.

CROUCH, J.:

Motion to dismiss complaint upon two grounds: *First,* that it does not state facts sufficient to constitute a cause of action; and *second,* that there is a defect of parties plaintiff.

The complaint alleges that plaintiff was at all times therein mentioned, and still is, the owner of, and entitled to possession of, a certain check, made on or about February 23, 1923, wherein and whereby the Mutual Life Insurance Company of New York required the defendant to pay to the order of Russell Spaulding and Lucile B. Spaulding, the plaintiff herein, the sum of $1,287.09; that the value thereof was that amount; that on March 14, 1923, defendant wrongfully and without authority of plaintiff obtained

possession of said check; that plaintiff's indorsement thereon was a forgery; that defendant wrongfully disposed of and converted said check and the proceeds thereof to its own use, to the damage of plaintiff in the sum of $1,287.09, which was the value of the check; that plaintiff has demanded from defendant payment of the amount thereof, but that defendant has neglected and refused to pay the same.

It seems that delivery of a check to one of two or more payees will operate as a delivery to all. (8 C. J. 210.) And the allegation that the note was " made " imports delivery. (*First National Bank* v. *Stallo,* 160 App. Div. 702, 703.) We think there is enough in the complaint in the first instance to show title in plaintiff.

That an action in conversion by the true owner of the check lies against a collecting bank is well settled. (See cases cited in *Salomon* v. *State Bank,* 28 Misc. Rep. 324, 325.) It is contended by the defendant that the contrary is true as against the drawee bank. The authorities are in conflict. (See 33 Harvard Law Review, 270.)

*Graves* v. *American Exchange Bank* (17 N. Y. 205) sustained an action in conversion by the payee of a bill of exchange against the drawee bank, where the name of the payee had been forged. I do not find that this decision has been overruled or questioned. (See, also, *Burstein* v. *People's Trust Co.,* 143 App. Div. 165; Morse Banks & Banking [5th ed.], § 474; 5 R. C. L. 566, § 89; 7 C. J. 693.)

A defect of parties is not a ground for the dismissal of a complaint. (Rules Civ. Prac. rule 106.)

The motion for relief should be under rule 102 to correct the pleading by amendment. The order should be affirmed.

All concur.

Order affirmed, with ten dollars costs and disbursements.