Roy D. Herrick. There also survived the testatrix, brothers and sisters, as follows: Otho Griswold, Lewis Griswold, Malvina Phillips, Garafelia Herrick and Meritt Griswold. Roy D. Herrick died intestate February 13, 1916, survived by no children or descendants. Mariett L. Barney died testate July 24, 1921, leaving Frank D. Barney, her son, as her sole legatee. Frank D. Barney died April 16, 1922, testate and leaving no children or descendants. The Appellate Division held that one-half of the estate should pass to the executor of Frank D. Barney and one-half to the descendants of the brothers and sisters of testatrix.

*Arthur B. Ottaway* for Frank P. Wolfe et al., appellants and respondents.

*Perlie P. Fallon, William S. Stearns* and *William G. Martin* for J. Leonard Griswold et al., respondents and appellants.

Order affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

LUCILE B. SPAULDING, Respondent, *v.* THE FIRST NATIONAL BANK, Appellant.

*Pleading — sufficiency of complaint alleging action for conversion of check.*

*Spaulding* v. *First Nat. Bank,* 210 App. Div. 216, affirmed.

(Argued November 25, 1924; decided December 9, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 1, 1924, which affirmed an order of Special Term denying a motion for an order dismissing the complaint.

The following question was certified:

" Does the complaint herein state facts sufficient to constitute a cause of action." The complaint alleged that plaintiff was the owner of, and entitled to possession of, a certain check, made on or about February 23, 1923, wherein and whereby the Mutual Life Insurance Com-

pany of New York required the defendant to pay to the order of Russell Spaulding and Lucile B. Spaulding, the plaintiff herein, the sum of $1,287.09; that the value thereof was that amount; that on March 14, 1923, defendant wrongfully and without authority of plaintiff obtained possession of said check; that plaintiff's indorsement thereon was a forgery; that defendant wrongfully disposed of and converted said check and the proceeds thereof to its own use, to the damage of plaintiff in the sum of $1,287.09, which was the value of the check; that plaintiff has demanded from defendant payment of the amount thereof, but that defendant has neglected and refused to pay the same.

*Joseph M. Hartfield* and *Allen McCarty* for appellant.
*G. Raynolds Stearns, Jr.,* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

In the Matter of the Claim of ANNA G. VAN CISE against STANDARD OIL COMPANY OF NEW YORK, Respondent.

STATE INDUSTRIAL BOARD, Appellant.

*Workmen's compensation — award properly reversed when based solely upon uncorroborated assertion of deceased employee that injury arose out of and in course of employment.*

*Van Cise* v. *Standard Oil Co. of New York,* 209 App. Div. 838, affirmed.

(Argued November 25, 1924; decided December 9, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 6, 1924, reversing an award of the State Industrial Board made under the Workmen's Compensation Law and directing a dismissal of the claim. The decedent, Carl J. Van Cise, had been in the employ of the Standard Oil Company of New York for some time as a teamster, and on April 15, 1922, while working for his employer