JACOB SABOL, Appellant, v. CARL G. FROST, Respondent.

Fourth Department, October 7, 1926.

Parties — motion to bring in additional party plaintiff should be made under Rules of Civil Practice, rule 102 — court may consider motion in connection with motion to dismiss for insufficiency made under rule 106, if papers show defect — papers do not show defect of parties plaintiff.

An objection that there is a defect of parties plaintiff should be taken by motion under rule 102 of the Rules of Civil Practice, but the court may consider that objection on motion made under rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground of insufficiency if it can be done without prejudice and if the defect appears in the papers before the court.

However, it was error for the court to direct the bringing in of an additional party plaintiff, since the papers before it do not disclose any defect of parties.

APPEAL by the plaintiff, Jacob Sabol, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 17th day of December, 1925, requiring the plaintiff to bring in Joseph Berger as a party plaintiff.

*Lewis & Carroll* [*W. C. Carroll* of counsel], for the appellant.

*Hull & Hammond* [*Clark H. Hammond* of counsel], for the respondent.

PER CURIAM. Defendant moved for judgment, apparently under rule 106 of the Rules of Civil Practice, upon the grounds that the complaint on its face was insufficient and that it disclosed a defect of parties. The court at Special Term seems not to have passed on the question of insufficiency. The order, without denying the motion on that ground, merely directs the bringing in of another party.

The objection of a defect of parties should be taken by motion under rule 102, not under rule 106. (*Spaulding* v. *First National Bank*, 210 App. Div. 216; affd., 239 N. Y. 586.)

Nevertheless it was probably within the discretion of the Special Term, particularly as there was a prayer for other relief, to order amendment as under rule 102, if it could be done without prejudice and if the defect appeared in the papers before the court. Here the only paper before the court was the complaint itself. It discloses no defect of parties and no necessity for amendment in that respect. It contains no allegation to show by whom the two mortgages were to be made. For aught that appears they might be made by anybody. Nor is there any reference to a bond or covenant to pay.

Since the court below did not pass on the question of insufficiency, we do not deal with it here. On that point the defendant is at liberty to move as he may be advised.

The order should be reversed, with ten dollars costs and disbursements.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ.

Order reversed, with ten dollars costs and disbursements.