FRANK BECKER, as Administrator, etc., of VIOLET BECKER, Deceased, Respondent, v. ESTHER DAREFF, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK on Complaint of FRANCES RUDLOFF, Appellant, v. RICHARD GOLL, Respondent.— Order of the Court of Special Sessions of the City of New York, Borough of Queens, adjudging that the defendant is not the father of complainant's child and directing his discharge, reversed on the law and the facts and a new trial ordered. In our opinion the determination is against the weight of the evidence. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

OSCAR GREENBERG, Respondent, v. UNITED STATES TRUCKING CORPORATION, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

GEORGE GUSSENHOVEN, Appellant, v. SIMON TURNER, Respondent.— Judgment of the County Court of Westchester county reversed on the law, with costs, and judgment directed in favor of the plaintiff for the amount demanded in the complaint, with costs. The proof in this record that the plaintiff directed the defendant to pay the purchase price to the man who delivered the horse was not proof that that man had authority to indorse the plaintiff's name on a check given by the defendant in payment for the horse. The man was an agent of limited authority, and not a general manager as was involved in *Burstein* v. *Sullivan* (134 App. Div. 623). A special agent of limited authority authorized to receive payment is not by that fact authorized to indorse commercial paper. (*Robinson* v. *Chemical National Bank*, 86 N. Y. 404, 407; *Bernheimer* v. *Herrman*, 44 Hun, 110; *Dowdall* v. *Borgfeldt & Co.*, 113 N. Y. Supp. 1069 [not officially reported].) The misappropriation of the proceeds of the check was made possible by the act of the defendant in guaranteeing the special agent's indorsement of the plaintiff's name as a matter of accommodation to that individual after he had received the horse for which he had given the check in payment. Order denying motion to set aside the verdict and to grant a new trial reversed and motion granted to the extent of setting aside the verdict, without costs. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.