CAROLINE S. HENDERSON, Appellant and Respondent, *v.* LINCOLN ROCHESTER TRUST COMPANY, Respondent and Appellant.

Argued May 21, 1951; decided July 11, 1951.

*Arthur L. Mepham* for plaintiff, appellant and respondent. I. Where two causes of action exist, a plaintiff has a choice of remedies. (*Rothschild* v. *Mack,* 115 N. Y. 1; *Wechsler* v. *Bowman,* 285 N. Y. 284; *Harms* v. *City of New York,* 69 Misc. 315; *Talbot* v. *Bank of Rochester,* 1 Hill 295; *Ganiey* v. *Troy City Nat.*

*Bank,* 98 N. Y. 487; *Gottfried* v. *Gottfried,* 269 App. Div. 413; *Wagner* v. *Armsby,* 264 App. Div. 379.) II. The receipt and retention by- a drawee bank of a check presented for payment creates a contractual relation between that bank and the owner of the check. (*Aetna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82; *Sweeney* v. *National City Bank,* 263 App. Div. 418, 290 N. Y. 624; *Attorney-General* v. *Continental Life Ins. Co.,* 71 N. Y. 325; *Sokoloff* v. *National City Bank,* 239 N. Y. 158; *Murray* v. *Cunard S. S. Co.,* 235 N. Y. 162; *Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400; *Matter of Delaney,* 256 N. Y. 315; *Fidelity & Cas. Co.* v. *Farmers Nat. Bank,* 275 N. Y. 194.) III. The use of a check by a drawee bank to reduce its indebtedness to the drawer without paying the owner of the check therefor creates an indebtedness on the part of the bank to such owner. (*Baldwin's Bank* v. *Smith,* 215 N. Y. 76; *Cohen* v. *City Co. of N. Y.,* 283 N. Y. 112; *Matter of Strand* v. *Piser,* 291 N. Y. 236.) IV. By accepting and retaining the $1,060 check and charging it against the drawer's account, defendant became indebted to plaintiff, for which indebtedness plaintiff can recover as on contract. (*Aetna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82; *Sokoloff* v. *National City Bank,* 239 N. Y. 158; *Murray* v. *Cunard S. S. Co.,* 235 N. Y. 162.) V. The receipt of a check by a bank for the purpose of collecting the proceeds thereof from the drawee creates a contractual relation between that bank and the owner of the check. (*Cohen* v. *City Co. of N. Y.,* 283 N. Y. 112; *Matter of Strand* v. *Piser,* 291 N. Y. 236.) VI. By receiving the $415 check and collecting the proceeds thereof from the drawee, defendant became indebted to plaintiff for that amount as on contract. (*Cohen* v. *City Co. of N. Y.,* 283 N. Y. 112; *Matter of Strand* v. *Piser,* 291 N. Y. 236.)

*Edward R. Macomber* for defendant, respondent and appellant. I. As against the drawee, plaintiff has only the action of conversion. (*Shipman* v. *Bank of State of N. Y.,* 126 N. Y. 318; *Sweeney* v. *National City Bank,* 263 App. Div. 418; *Kobre* v. *Corn Exch. Bank,* 79 Misc. 212; *Stern* v. *President & Directors of Manhattan Co.,* 134 Misc. 351, 228 App. Div. 616; *Soma* v. *Handrulis,* 277 N. Y. 223; *Graves* v. *American Exch. Bank,* 17 N. Y. 205; *Spaulding* v. *First. Nat. Bank,* 210 App. Div. 216, 239 N. Y. 586.) II. As against a collecting bank, plaintiff has only the action of

conversion. (*Salomon* v. *State Bank,* 28 Misc. 324; *Spaulding* v. *First Nat. Bank,* 210 App. Div. 216, 239 N. Y. 586.) Ill. There is no contractual relation between a payee and drawee or collecting bank. (*Thomson* v. *Bank of British North America,* 82 N. Y. 1; *Aetna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82; *Erb* v. *Banco di Napoli,* 243 N. Y. 45; *Wechsler* v. *Bowman,* 285 N. Y. 284.)

CONWAY, J. Plaintiff commenced this action on January 24, 1950. In the complaint she alleged that in 1946, a firm of stockbrokers was indebted to her; that on February 1, 1946, that firm drew its check for $1,060 upon defendant bank as drawee, payable to "Mrs. Caroline S. Stuber", which was then plaintiff's name, and gave it to one Savitt for delivery; that instead of delivering it, Savitt, on February 2, 1946, presented the check bearing the indorsements "Mrs. Caroline S. Steuber" and "Savitt Audit Co." to defendant, which thereupon either paid Savitt $1,060 or credited that amount to his account; that plaintiff has never had an account in defendant bank.

It is then alleged, as a second cause of action, that on September 11, 1946, the same firm drew its check for $415 upon the Security Trust Company, as drawee, payable to "Mrs. Caroline S. Stuber" and gave that check to Savitt for delivery to plaintiff; that, on September 17, 1946, defendant accepted the check bearing the indorsements "Caroline Steuber" and "Savitt Audit Co."; that thereupon defendant paid or credited Savitt Audit Co. or Savitt with the proceeds of the check; that plaintiff never indorsed or authorized anyone to indorse either check and what purported to be her indorsements thereon were forgeries.

Plaintiff then alleged that she first discovered that the checks had been issued and the disposition made of the proceeds in 1949 and immediately demanded that defendant pay her the amount of the two checks which defendant refused to do.

Defendant has moved, pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice, for judgment dismissing both of plaintiff's alleged causes of action upon the ground that neither of them accrued within the time limited by law for the commencement of an action thereon, namely, three years. Defendant's motion was based on the premise that plaintiff was

entitled to recover against defendant only on a theory of conversion, and that inasmuch as the Statute of Limitations, which is three years for conversion (Civ. Prac. Act, § 49, subd. 7), had run its course on February 2, 1949, and September 17, 1949, on the two causes of action respectively, plaintiff's right to commence an action or actions expired prior to the commencement of the present suit.

Plaintiff, on the other hand, contends that she has a right to recover upon a contractual theory as to both causes of action and that, therefore, the six-year period of limitation (Civ. Prac. Act, § 48, subd. 1) is applicable.

As to the first cause of action, it is clear that plaintiff would have been entitled to recover in an action for conversion commenced before the three-year period of limitations had run. (*Spaulding* v. *First Nat. Bank,* 210 App. Div. 216, affd. 239 N. Y. 586; *Graves* v. *American Exch. Bank,* 17 N. Y. 205; *Burstein* v. *People's Trust Co.,* 143 App. Div. 165.) No action, however, lies in contract by a payee against a drawee bank for paying out the proceeds of a check bearing his forged indorsement. Under our Negotiable Instruments Law, a cause of action in contract lies in favor of the drawer of the check, but not in favor of the payee. The drawee in paying on a check bearing a forged indorsement of the payee breaches its contractual obligation to the drawer to pay only on the latter's written direction. (*Shipman* v. *Bank of State of New York,* 126 N. Y. 318.) The drawee becomes liable in contract to the drawer and the indorsers become liable to the drawee. The privity is apparent. As between the drawee and the payee, however, there is no contractual relation. (*First Nat. Bank* v. *Whitman,* 94 U. S. 343; *Aetna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82, 87, 90; *Stern* v. *President & Directors of Manhattan Co.,* 134 Misc. 351, affd. 228 App. Div. 616; 14 A. L. R. 764, 767; 38 Harv. L. Rev. 857, 884.) In jurisdictions which took the view that there was a contractual relation between the payee and the drawee two theories were advanced in support of their position. First, that the drawer in making a check effected an assignment of the fund against which it was drawn to the amount of the check and consequently the payee was entitled to recover against the drawee bank which paid the check on the

unauthorized indorsement of the payee's name. Second, that the payment by the drawee and the charging of the check to the drawer's account amounted to an acceptance of the check by the drawee bank so as to create a privity between the payee and the drawee. Our Negotiable Instruments Law has disposed of both of those theories. Section 325 provides that a check of itself does not operate as an assignment of any part of the funds against which the check is drawn, and section 220 provides that an acceptance must be in writing and signed by the drawee.

As to the second cause of action on the check for $415 drawn upon the Security Trust Company, as drawee, where the defendant acted as the collecting bank and paid out the proceeds of the check upon the forged indorsement of the payee's name, a different rule prevails. The motion to dismiss the complaint as to that second cause of action was quite properly denied on the ground that plaintiff could bring an action sounding in *contract*, thus permitting her to bring suit at any time within six years after payment by defendant. (*Moch Co.* v. *Security Bank of New York*, 176 App. Div. 842, affd. 225 N. Y. 723; *Comstock* v. *Hier*, 73 N. Y. 269, 275; *Johnson* v. *First Nat. Bank*, 6 Hun 124; *Talbot* v. *Bank of Rochester*, 1 Hill 295.) The rationale of the rule is well stated in *National Union Bank* v. *Miller Rubber Co.*, (148 Md. 449), and in *Buckley* v. *Second Nat. Bank of Jersey City* (35 N. J. L. 400, 402). In *National Union Bank* v. *Miller Rubber Co.* (*supra*, pp. 455–456), the rule is stated thus: " Where, however. a collecting bank cashes a check on a forged endorsement a different principle applies. There the collecting bank on the forged endorsement acquires no title whatever to the paper because the endorsement, its only source of title, is a nullity. It therefore is wrongfully in possession of the check and in equity and good conscience holds it for the payee. If, while in possession of it, it by means of the forged endorsement collects it, then it holds the proceeds of the collection in the same way for the payee, and that relationship creates a privity between it and the payee. And if the payee elects to ratify the collection of the check by the collecting bank he may recover from it the amount collected."

In 9 Corpus Juris Secundum (Banks and Banking, p. 763), the rule is briefly stated as follows: " Where a collecting bank cashes

a check on a forged indorsement, a different principle applies; there the bank in collecting the check holds the proceeds for the payee, thereby establishing a privity and permitting the payee to maintain an action against such bank for the amount of the check, if he elects to ratify the collection.''

To put it in other words, a collecting bank is merely an agent for the purpose of collecting from the drawee bank the proceeds of the check delivered to it. When it takes the check for collection, it assents to the agency and becomes bound by the terms of the instrument received. Those terms include an obligation to pay the proceeds collected to the true payee owner *in the absence of a valid indorsement*. The moment the collecting bank receives the proceeds it holds money belonging to the owner of the check and becomes a debtor of such owner and of no one else in the absence of a valid indorsement.

The order should be affirmed, without costs to either party and the question certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL. JJ., concur.

Order affirmed, etc.