■ MORTON B. HILLSLEY, Respondent, v. STATE BANK OF ALBANY et al., Appellants, et al., Defendants.— Appeal by defendants, State Bank of Albany and National City Bank of Troy (now by merger a single corporate banking entity), from an order of the Supreme Court at Special Term which denied their motion for partial summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice. The second cause of action alleged in the complaint to which the motion was solely directed sounds in conversion founded upon allegations that appellants as the collecting bank paid the proceeds of a certified check for $10,000 to defendant, Glennon Builders, Inc., and/or defendant Birmingham, its president, upon the forged indorsement thereon by the latter of plaintiff's name as a copayee. That such an action by one of the true owners of the check lies is not only well settled but also here conceded. (*Spaulding* v. *First Nat. Bank,* 210 App. Div. 216, affd. 239 N. Y. 586.) The forgery and the conversion which followed are not denied. Appellants contend that they ought not be burdened with liability since on the date of the conversion defendant Birmingham delivered to plaintiff two cashier's checks totaling the amount of the forged instrument, the proceeds of which he later collected. They argue that since plaintiff thus suffered no loss and pleads no damages beyond the value of the converted property his cause of action must summarily fall. The answering affidavit states that the wrongful payment of the proceeds of the check upon the forged indorsement as utilized by the forger deprived plaintiff of valuable mechanic's lien rights. Whether the consequence claimed was the direct, natural and proximate result of the act complained of is at least arguable and precludes summary judgment. (*Steitz* v. *Gifford,* 280 N. Y. 15, 20; *Sillman* v. *Twentieth-Century Fox Film Corp.,* 3 N Y 2d 395, 404, motion for reargument denied 3 N Y 2d 941; *Falk* v. *Goodman,* 7 N Y 2d 87, 91.) Technical defects in the pleading of an adversary are not available. The motion is defeated "if any party shall show facts sufficient to require a trial of any issue of fact". (Rules Civ. Prac., rule 113, subd. 2; *Curry* v. *Mackenzie,* 239 N. Y. 267, 272.) It may be necessary for the plaintiff to plead special damages to embrace fully the controversy contended in this case; but we do not reach that question on this

appeal. Special Term correctly denied the motion. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.