Harold Baer, J.
Defendant Chase Manhattan Bank, N. A. (Chase) moved for summary judgment and to dismiss the cross complaints of defendants Manufacturers Hanover Trust Company (Manufacturers) and the City of New York (City). Defendant Manufacturers also moved for summary judgment against plaintiff and opposes the dismissal of its cross complaints. The City objects to dismissal of its cross complaints against both codefendants but requests dismissal of all cross complaints against it. The plaintiff demands summary judgment against the defendant Chase.
By prior decision (March 26, 1976) the plaintiff’s complaint against the City was dismissed for failure to file a timely notice of claim (Administrative Code of City of New York, § 394a-1.0).
The action by plaintiff results from a series of events that commenced in 1969. Plaintiff was the successful litigant in a lawsuit, and when the defendant in that action appealed, security for a stay of execution of judgment was deposited with the County Clerk. The said sum of $30,011.47 was then placed with the Director of Finance of the City of New York. Plaintiff succeeded on appeal, and her then attorney obtained a court order and with the certificate of deposit, on which he forged his client’s signature, obtained a check from the Director of Finance. The check was for $29,923.26, drawn on the court and trust fund account on Manufacturers. The check was payable to "Virginia Sonnenberg and Max S. Kaufman.” On its face was the notation, "this check must be endorsed by the payee in person as drawn and deposited promptly.” He deposited the check on May 27, 1969 in his personal account with Chase after forging plaintiff’s endorsement.
Plaintiff’s inquiries to the attorney were met with false explanations and it was not until the spring of 1973 that her suspicions were aroused. After investigation she learned of the forgery. The attorney was prosecuted, pleaded guilty to grand larceny and on July 15, 1974 he was sentenced and incarcer *204 ated. She served her complaint on May 9, 1975 on all three defendants. Chase served a third-party complaint on the attorney but except for an answer, he has not participated in these proceedings.
Aside from the dismissal of the complaint against the City for failure of timely service, the City cannot be held liable to plaintiff or either codefendant. The City was merely a custodian and was released from all liability when it issued a check to payee and said check cleared its bank (CPLR 2601, 2607). In addition, and on the law of agency, as between City and plaintiff, the latter must bear the loss occasioned by an unfaithful agent selected by her (Morrison v Chapman, 155 App Div 509, 514; Burstein v Sullivan, 134 App Div 623, 625, both cited in Hutzler v Hertz Corp., 39 NY2d 209).
The banks are in a different situation. It has been the law of this State that plaintiff has an action in conversion against the drawee bank, and perhaps against the collecting bank (Henderson v Lincoln Rochester Trust Co., 303 NY 27; Spaulding v First Nat. Bank, 210 App Div 216, affd without opn 239 NY 586; Navrides v Zurich Ins. Co., 5 Cal 3d 698; Uniform Commercial Code, § 3-419, subd [1], par [c]). Also, an action sounding in contract, lies against the collecting bank. (Henderson v Lincoln Rochester Trust Co., supra; National Union Bank v Miller Rubber Co., 148 Md 449; Buckley v Second Nat. Bank of Jersey City, 35 NJL 400, 402.) The theory is that the collecting bank acquires no title to the check because of the forgery and holds the proceeds for the true payee. This establishes the privity between payee and collecting bank (9 CJS, Banks and Banking, p 763). For Chase to have accepted the check for a large amount when the attorney never had a substantial balance, when he deposited it in his personal (not a special) account without inquiry, was wrongful. Chase held the proceeds for the rightful payee and there was created a debtor-creditor relationship (Low v Merchants Nat. Bank, 24 AD2d 322; Soma v Handrulis, 277 NY 223; Henderson v Lincoln Rochester Trust Co., supra).
Neither bank pleaded the Statute of Limitations on the conversion action (CPLR 214) but both raised the defense of laches. Laches is no defense here. The delay has in no way prejudiced defendants. At least, no facts were set forth to show prejudice. Also, the contract action was commenced within six years of the date of the forgery (1 Weinstein-Korn *205 Miller, NY Civ Prac, par 213.07; Uniform Commercial Code, § 4-207, subd [4]).
In Hutzler v Hertz Corp. (39 NY2d 209, supra) the court raised the question of the continued viability of Henderson v Lincoln Rochester Trust Co. (supra) in view of section 3-419 (subd [3]) when the collecting bank has paid out the proceeds.
"§ 3-419. Conversion of Instrument; Innocent Representative. * * * (3) Subject to the provisions of this Act concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the resonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.”
In this case, the collecting bank cannot be said to have paid out "proceeds.” It retained the proceeds for the true owner, this plaintiff payee. Chase cannot say under the circumstances that it acted "in good faith and in accordance with the reasonable commercial standards applicable.” (White and Summers, Uniform Commercial Code, pp 505-517; Ervin v Daupin Deposit & Trust Co., 38 Pa D & C 2d 473; Cooper v Union Bank, 9 Cal 3d 371; Belmar Trucking Corp. v American Trust Co., 65 Misc 2d 31; Henderson v Lincoln Rochester Trust Co., supra; Uniform Commercial Code, § 4-207, subd [1], par [a]).
There is no point in considering the liability of the drawee bank as any liability would give it a good cause of action against the collecting bank (Uniform Commercial Code, § 4-207, subd [1], par [a]).
Judgment for plaintiff for $29,923.26 against defendant Chase, without interest. All other complaints and cross complaints dismissed.