The First National Bank of Fort Worth, Texas, Respondent, *v.* American Exchange National Bank, Appellant.

Bills, Notes and Checks — When Indorsement by Payee of Draft Representing Money Deposited to his Credit Through his Fraud Passes Title.    A draft issued by a bank, payable to and indorsed by one who impersonated another person of the same name and thereby fraudulently induced the deposit to his credit of the money represented thereby, is enforcible by a *bona fide* indorsee, where the bank, without knowledge of the fraud, received the money solely in pursuance of the instruction of the wrongdoer as his agent and not for the purpose of transmitting it to the person impersonated, of whom it had no knowledge, and, therefore, must have intended to make its principal the payee.

*First Nat. Bank* v. *Am. Ex. Nat. Bank*, 49 App. Div. 349, affirmed.

(Argued January 24, 1902; decided February 25, 1902.)

Appeal from a judgment, entered April 26, 1900, upon an order of the Appellate Division of the Supreme Court in the first judicial department, granting plaintiff's motion for judgment in its favor, upon a verdict directed by the court at a Trial Term subject to the opinion of the Appellate Division.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Michael H. Cardozo* for appellant.    The plaintiff failed to sustain the burden of proving the genuineness of the indorsement of the payee of the draft, and without such proof it could not recover.    (*Mead* v. *Young*, 4 T. R. 28; *Palm* v. *Watt*, 7 Hun, 317; *A. I. Co.* v. *Federal Bank*, 45 U. C. Q. B. 215; *Dodge* v. *Nat. E. Bank*, 30 Ohio St. 2; *U. S.* v. *O.*

*C. Sav. Bank,* 39 Fed. Rep. 259 ; 64 Fed. Rep. 703 ; *T. Nat. Bank* v. *M. Nat. Bank,* 76 Hun, 475 ; *Graves* v. *Am. Ex. Bank,* 17 N. Y. 205 ; *Shipman* v. *Bank,* 126 N. Y. 318; *Colson* v. *Arnot,* 57 N. Y. 253 ; 5 Randolph on Com. Paper, § 166 ; Byles on Bills, 262 ; *Cundy* v. *Lindsay,* L. R. [3 App. Cas.] 459.) The plaintiff having paid the draft upon a forged indorsement must bear its own loss. (Daniel on Neg. Inst. [4th ed.] § 538 ; *White* v. *C. Nat. Bank,* 64 N. Y. 320 ; *U. S.* v. *Long,* 30 Fed. Rep. 679.) The question of Mrs. Bosworth's negligence is irrelevant in determining the liability of the defendant upon the draft. (*Bank of Commerce* v. *Union Bank,* 3 N. Y. 230 ; *Rapps* v. *Gottlieb,* 142 N. Y. 164.)

*George H. Yeaman, George C. Kobbè* and *James A. Speer* for respondent. The negligence of Mrs. Bosworth and her agents have deprived her of any right to have this money stopped in the hands of the plaintiff, an innocent party, holding in good faith and for value. (*Bell* v. *Sun Printing Assn.,* 3 Abb. [N. C.] 157 ; *Carey* v. *Miller,* 25 Hun, 28 ; *Mc Williams* v. *Mason,* 31 N. Y. 294 ; *Anderson* v. *D. S. Bank,* 66 Hun, 613 ; *Robertson* v. *Coleman,* 141 Mass. 231 ; *M. L. & T. Co.* v. *Bank,* 7 Daly, 137 ; *L. T. & T. Co.* v. *N. Nat. Bank,* 46 Atl. Rep. 420.) The loss must be between the lender of the money and the Fort Worth bank, which took the draft in good faith and for value, by paying the money for it to the holder thereof. Due care and diligence were exercised by the plaintiff bank. As between the plaintiff and Mrs. Bosworth, the loss must fall on her, the lender. (*Nassau Bank* v. *Nat. Bank,* 159 N. Y. 456 ; *Graves* v. *Am. Ex. Bank,* 17 N. Y. 205 ; *Norwalk Bank* v. *A. E. Co.,* 4 Blatchf. 455 ; *Dunbar* v. *B. & P. R. Co.,* 110 Mass. 26 ; *Wilson* v. *A. E. Co.,* 27 Mo. App. 360 ; *United States* v. *Nat. E. Bank,* 45 Fed. Rep. 163 ; *E. S. K. E. C. Co.* v. *G. Sav. Bank,* 64 Ill. App. 225 ; *E. Nat. Bank* v. *Shotwell,* 35 Kan. 360 ; *Crippen* v. *Am. Nat. Bank,* 51 Mo. App. 508; *M. Nat. Bank* v. *F. Nat. Bank,* 7 Ind. App. 322.)

Cullen, J.    The action is brought to recover the amount of a draft drawn by the First National Bank of Denver upon the defendant to the order of A. W. Hudson and accepted by the defendant. The plaintiff claims title to the draft through the indorsement of the alleged payee thereof. The circumstances attending the issue of the draft and its acquisition by the plaintiff are as follows : A stranger inquired at the office of a real estate broker in the city of Denver, whether a loan could be procured on certain real estate in that city, of which one Olive K. Hudson, who resided with her husband, A. W. Hudson, at Colorado, Texas, was the owner. The broker stated that a client, Mrs. Leonora K. Bosworth would loan from $2,000 to $2,500 on the property. The stranger then informed the broker that the Hudsons were near Fort Worth, Texas, and that they would communicate directly with him in reference to the loan. Correspondence passed between the parties, the broker receiving communications purporting to proceed from A. W. Hudson, which resulted in Mrs. Bosworth agreeing to make the loan. An abstract of title showing the ownership of the property to be in Olive K. Hudson was forwarded to the broker and verified by the attorneys of Mrs. Bosworth. Thereupon a note and trust deed or mortgage were prepared by the broker and sent to A. W. Hudson, at Fort Worth, for execution. Thereafter the First National Bank of Denver received from Fort Worth a letter, signed A. W. Hudson, inclosing the note and trust deed purporting to be signed by Olive K. Hudson and A. W. Hudson, and instructing it to deliver the note and mortgage to Mrs. Bosworth upon her paying to the bank the amount of the loan, $2,500, less broker's commission and expenses incurred in examining the title, and to remit the proceeds to A. W. Hudson, at Fort Worth. Mrs. Bosworth paid the bank the amount of the loan, less the expenses, and received the note and trust deed. The bank drew its draft on the defendant for the net proceeds of the loan in favor of A. W. Hudson and forwarded the same by mail to him at Fort Worth. There was at this time, and had been for some period previ-

ous, at Fort Worth, a man known as A. W. Hudson. He received the draft, and, upon his indorsement and identification of him by a lawyer residing in the place, the plaintiff discounted the draft and gave Hudson the proceeds. It subsequently appeared that neither Olive K. Hudson, who owned the Denver property, nor A. W. Hudson, her husband, ever signed the note or executed the mortgage; that they never applied for the loan and had no knowledge of the transaction, and that the notarial certificate of the acknowledgment of the trust deed was a forgery. On the discovery of these facts payment of the draft was stopped, whereupon the plaintiff instituted this action to recover its amount.

To establish title to the draft the plaintiff was bound to show that it received it through indorsement by the payee. It is not sufficient that the draft was indorsed by a person bearing the same name as that of the payee. The indorsement must have been made by the person to whom the draft was really payable. (*Graves* v. *Am. Exchange Bank*, 17 N. Y. 205.) Therefore, the question presented on this appeal is as to the identity of the payee, and the identity of the payee depends upon the answer to the further question : To whom did the drawer of the draft intend that it should. be paid ? The defendant, in its answer, alleged that Mrs. Bosworth purchased the draft from the Denver bank and remitted it to A. W. Hudson, the husband of Olive K. Hudson, the owner of the property, as the proceeds of the loan she supposed she had made upon it. If the evidence had established that fact a very different question would arise from that now presented to us. It might well be argued that from the character of the whole transaction Mrs. Bosworth necessarily intended the draft to be paid to the A. W. Hudson who was the husband of the owner of the property. Though the appellant's brief is principally devoted to the support of that proposition, it is not necessary for us to pass upon it, for the evidence shows that Mrs. Bosworth did not buy the draft or transmit it to Hudson, but paid the money to the bank in consideration of the delivery by it of. the note and trust deed. The intent of

Mrs. Bosworth, in case she had bought and forwarded the draft, and the intent of the Denver bank as to the personality of the payee of the draft, are very different things. The bank did not in any way act as the agent of Mrs. Bosworth. Had the transaction with Mrs. Bosworth been honest, and had the bank failed to transmit the money, the loss would .have fallen, not on Mrs. Bosworth, the mortgagee, but on the mortgagor. The same rule would have here obtained though the transaction was fraudulent. The payment was complete when it was made to the bank, which thereupon held the money, not for Mrs. Bosworth, but for its principal. The draft drawn by the bank was intended to be paid to that principal, and whichever Hudson was its principal was necessarily the payee of the draft. The bank was a stranger to the negotiations with Mrs. Bosworth which led to the payment of the money. It received the money solely in pursuance of the directions sent by A. W. Hudson of Fort Worth, and as it received the money in pursuance of such instructions it must be held that it also transmitted the money under the instructions of the same person. The fact that its principal obtained the money by fraud of which it was ignorant, none the less rendered the bank his agent in receiving the money. It had no authority from the genuine A. W. Hudson to collect the money, nor had it any dealings with him which would serve to identify him as the person to whom payment of the draft was to be made instead of the Hudson at Fort Worth. While Hudson of Fort Worth in his negotiations with Mrs. Bosworth personated A. W. Hudson of Colorado, that cannot be said of him in his transactions with the bank. Had the person who wrote to the bank from Fort Worth directed it to transmit the funds by a draft in favor of a third party, or had he appeared at the bank and after identifying himself as its correspondent personally received the money, there can be no doubt that the bank would have fully discharged its obligations in the matter. It seems to us that this person must be held to be the .principal and, therefore, the person intended as payee of the draft. Though the draft represented the pro-

ceeds of the fraud committed on Mrs. Bosworth by Hudson, the plaintiff had no knowledge of that fraud, and as it purchased the draft in good faith for value through indorsement of the payee, it is entitled to recover its amount.

The judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.