AMERICAN SURETY COMPANY OF NEW YORK, Plaintiff, *v.* EMPIRE TRUST COMPANY and Others, Defendants.

Supreme Court, Niagara County, August, 1926.

**Banks and banking — action to recover amount of drafts alleged to have been paid on forged indorsements — motion for summary judgment denied.**

A motion for summary judgment in an action to recover from a bank the amount paid on two drafts, which action is based on the ground that the indorsements on the drafts were forged, must be denied, since the defendant raises an issue as to whether or not the indorsements were in fact forgeries.

MOTION by plaintiff for summary judgment against the defendant Empire Trust Company, and motion by other defendants for similar relief in case of judgment against defendant named.

*Charles L. Nicholls*, for the plaintiff.

*Stuart McNamara* [*Hopkins & Brim* of counsel], for defendant Empire Trust Company.

*Cardozo & Nathan* [*Rann, Vaughan, Brown & Sturtevant* of counsel], for defendant American Exchange Pacific National Bank.

*Kenefick, Cooke, Mitchell & Bass*, for defendants Detroit Savings Bank and Wyandotte Savings Bank, Buffalo, N. Y.

LARKIN, J. The plaintiff's motion for summary judgment against the defendant Empire Trust Company must be denied. On examination of all the papers submitted, including stipulated copies of the checks, drafts, signature cards in question, and the testimony given by the two officers of the plaintiff's assignor examined before trial, I am satisfied that the defendant presents an issue of fact, which must be tried, as to the genuineness of the indorsements on the two drafts, the subject of this litigation. The defendant denies that the indorsements are forgeries. Unless the plaintiff establishes the forgery its case must fail. Summary judgment should not be granted unless it is perfectly plain that there is no substantial issue to be tried. (*Peninsular Transportation Co. v. Greater Britain Ins. Corporation, Limited*, 200 App. Div. 695.) Where a defendant makes it appear that under any one of several defenses a genuine and substantial issue is created, he is entitled to a trial in the regular order, and a summary judgment is improper. (*Gravenhorst v. Zimmerman*, 236 N. Y. 22.)

Furthermore, it is possible that defendant's contention that, even if the indorsements were made by an impostor, still they may not be forgeries, is tenable. (8 C. J. 764; *Maloney v. Clark*, 6 Kan. 82; *Emporia National Bank v. Shotwell*, 35 id. 360; *Hoffman v. American Exch. Nat. Bank*, 2 Neb. [Unof.] 217; *Jamieson & McFarland v. Heim*, 43 Wash. 153; *Land Title & Trust Co. v. Northwestern Nat. Bank*, 196 Penn. St. 230; *First Nat. Bank v. American Exchange Nat. Bank*, 170 N. Y. 88; *Hartford v. Greenwich Bank*, 157 App. Div. 448; affd., 215 N. Y. 726; *Sherman v. Corn Exchange Bank*, 91 App. Div. 84.) It is true that there is apparently a direct authority to the contrary in *Palm v. Watt* (7 Hun, 317; approved in the opinion of Justice LAUGHLIN in *Mercantile National Bank v. Silverman*, 148 App. Div. 1; affd. on the opinion of LAUGHLIN, J., 210 N. Y. 567). A reading of Justice LAUGHLIN's opinion, however, demonstrates that he deemed the wording of

the drafts which he then had under consideration a differentiation from the general rule. That circumstance, upon which he placed stress, does not exist in the instant case. Also, the opinion of Chief Judge CULLEN in *Gallo* v. *Brooklyn Savings Bank* (199 N. Y. 222) seems to indicate that the question may be presented in this case of whether or not the impostor to whom the plaintiff's assignor alleges it delivered the drafts is not to be considered the payee of them. However, whether the defense is tenable on this theory or not, I have arrived at the conclusion that the defendant presents an arguable question as to the genuineness of the indorsements, and upon that ground alone the motion for summary judgment must be denied.

This disposition of the matter renders unnecessary a consideration of the other interesting points, whether the conduct of the plaintiff's assignor was negligent within the rule stated in *Kelley* v. *Buffalo Savings Bank* (180 N. Y. 171) and *Gallo* v. *Brooklyn Savings Bank* (*supra*) and, if it was negligent, whether, in this action, between the drawer and drawee of a draft, the decision in *Seaboard National Bank* v. *Bank of America* (193 N. Y. 26) excludes such negligence of the drawer as immaterial.

An order may enter denying plaintiff's motion for summary judgment against the defendant Empire Trust Company, with ten dollars costs. Since the other defendants ask affirmative relief in the event, only, that judgment is directed against the Empire Trust Company, an order may enter denying their motions, but without costs.