AMERICAN SURETY COMPANY OF NEW YORK, Appellant, *v.* EMPIRE TRUST COMPANY et al., Appellants and Respondents, and WYANDOTTE SAVINGS BANK, Respondent.

(Argued March 1, 1933; decided June 6, 1933.)

*Ray M. Stanley* for appellant.

*A. Bruce Hopkins* for Empire Trust Company, appellant and respondent.

*Franklin R. Brown* for American Exchange-Pacific National Bank, appellant and respondent.

*Fritz Fernow* and *H. Kenneth Haller* for Detroit Savings Bank, appellant and respondent.

*Fritz Fernow* and *H. Kenneth Haller* for respondent.

LEHMAN, J. The Farmers and Mechanics Savings Bank of Lockport received a letter purporting to be signed by Lukas Szmytki, a depositor, inclosing two bank books of the depositor. The writer requested that checks be mailed to him at an address in Wyandotte, Michigan, for sums aggregating almost nine thousand dollars, closing out one account and leaving only a small balance in the second account. The bank sent drafts as requested and returned the one bank book which still showed a small deposit. It wrote the inclosing letter upon its own stationery. The drafts when presented to the drawee, Empire Trust Company, bore the forged indorsement of the depositor and the genuine indorsements of Wyandotte Savings Bank, Detroit Savings Bank and American Exchange-Pacific National Bank. Relying upon these indorsements, Empire Trust Company paid the draft and charged the amount so paid against the account of Farmers and Mechanics Savings Bank of Lockport. Subsequently that savings bank learned that its depositor's pass books had been stolen, and that the depositor had never requested that any checks be sent to him and had not indorsed the drafts made out to his order. The American Surety Company reimbursed Farmers and Mechanics Savings Bank of Lockport for the amount which had been charged by Empire Trust Company against its account and took an assignment of the Lockport bank's cause of action. Then it brought this action against Empire Trust Company, which has impleaded the prior indorsees of the checks.

It is clear that the drafts were made out to the order of the named payee and not to a fictitious person. The

drawee could not charge against the drawer the amount paid upon those drafts unless such payment was made in accordance with the tenor of the drafts. The fact that the drafts were obtained from the drawer by fraud and the indorsement forged by the fraudulent holder would not justify such payment. (*Ulmann Co.* v. *Central Union Trust Co.*, 257 N. Y. 563.) The drawee is bound at its peril to determine the identity of the payee. (*Seaboard Nat. Bank* v. *Bank of America*, 193 N. Y. 26; *Gallo* v. *Brooklyn Sav. Bank*, 199 N. Y. 222.) Only where by express representation or by negligence the drawer has enabled a wrongdoer to impose upon the drawee bank does the bank acquire rights against the drawer, through unauthorized payment of a check or draft. (*National Surety Co.* v. *Manhattan Co.*, 252 N. Y. 247; *Gutfreund* v. *East River Nat. Bank*, 251 N. Y. 58.)

Here there was no express misrepresentation by the drawer. Nevertheless recovery of the amount paid by the drawee upon the forged indorsement has been denied to the assignee of the drawer on the ground that its assignor is estopped " from holding the paying banks to the usual rule of liability for paying upon an indorsement that was forged." (228 App. Div. 572, 577.)

The good faith of the plaintiff's assignor in issuing the drafts is not impugned. It was duped by a cheat. If it had not been duped, the cheat could not have successfully consummated the forgery. By greater vigilance the plaintiff's assignee might perhaps have defeated at the outset the scheme of the cheat to obtain payment of genuine drafts by forged indorsements. Its officers and agents, by failure to exercise such vigilance, may have been remiss in a duty they owed to it. None the less their neglect cannot defeat the plaintiff's cause of action, unless the plaintiff's assignor owed to the drawee of the drafts or to a person who might discount them a duty to exercise such vigilance.

Farmers and Mechanics Savings Bank of Lockport drew

the drafts for the purpose of meeting its own obligations to a known depositor. When it sent the drafts to a person not properly identified as the depositor, or the authorized agent of the depositor, it assumed the risk that its obligation to the depositor might remain unsatisfied. It did not assume the risk that the drafts would be paid upon the order of any person other than the payee named in the drafts. The drawee owed to the drawer the duty of paying the draft only to the payee named. The drawer owed to the drawee the duty only that it would not by act or misrepresentation facilitate a fraud upon.it. Alleged negligence in delivering a draft or check to a person not authorized by the payee to receive it is " immaterial " where a party discounts or pays a draft without sufficient identification of the payee and upon a forged indorsement. (*Seaboard Nat.. Bank* v. *Bank of America*, 193 N. Y. 26.) Negligent failure by the drawer to protect itself against fraud in procuring the making of the drafts does not cast upon the drawer the risk that they will be paid upon a forged indorsement. In an analogous case it was said: " There are many cases that illustrate the rule that negligence of the maker is immaterial unless it is of a kind that directly· and proximately affects the conduct of the banker in the performance of his duties. (Citing cases.)" (*Jordan Marsh Co.* v. *National Shawmut Bank*, 201 Mass. 397.)

If the plaintiff's assignor were chargeable with knowledge that it was delivering the drafts to a person who intended to forge the payee's name, or in a form which would facilitate a forgery, a different question would arise. Here the drawer is charged only with failure to make a more careful investigation to determine whether the party claiming payment was the party entitled to such payment. Even if the drawer had actually doubted the identity of the person claiming such payment, it would not follow that delivery of the drafts was negligent. " I am not prepared to admit the proposition that when a bank or

individual, not being satisfied of the rights or identity of the party claiming payment from it or him, declines to pay the party in money, but gives a check to the order of the known creditor, it or he is thereby necessarily guilty of negligence or fraud. It is the general rule of law in this country, and such is the common law, that the drawee of a bill or check or persons purchasing it ' take the paper relying solely on the reputed responsibility of their transferers, and the other parties to it, and its apparent genuineness, and they, therefore, deal in it at their peril.' (*Crawford* v. *West Side Bank,* 100 N. Y. 50.) * * * It is on the faith of this rule that business in this country is conducted." (*Gallo* v. *Brooklyn Sav. Bank, supra,* at p. 226.) (Cf. *City of New York* v. *Bronx County Trust Co.,* 261 N. Y. 64.)

It follows that the judgment should be reversed and a new trial granted, with costs to abide the event.

CRANE, J. (dissenting). The law, which my associate, Judge LEHMAN, has correctly stated, when applied to the facts in this case leads rather to an affirmance than to a reversal. The negligence of the Farmers and Mechanics Savings Bank of Lockport consisted in acts which identified the thief as the payee of the checks which the Wyandotte Savings Bank cashed.

Lukas Szmytki had been a depositor in the Farmers and Mechanics Savings Bank of Lockport for many years. His deposits had accumulated without withdrawals. He lived in the neighborhood of the bank all of the time. A thief stole his bank books and sent them from Wyandotte, Michigan, to the bank with a request for the deposits and the return of the bank books. The fact that their long-time depositor had left Lockport and gone to Michigan and that he desired his savings in one lump sum aroused no suspicion in the minds of the bank officials. They did not send to Szmytki's home address in Lockport or attempt to communicate with him at his last-known place

of residence in any way. They did not attempt to verify his removal. Neither did they carefully compare or investigate the signature of the thief with that of their depositor. The bank not only sent on a check drawn to the name of Lukas Szmytki, but returned the bank book with a letter to the thief in the name of Lukas Szmytki, by means of which he identified himself as the genuine Szmytki to the Wyandotte Savings Bank.

The negligent acts of the Lockport bank, whereby the thief was furnished by it with the means of identifying himself as Szmytki, the payee, estops the Lockport bank and its assignee from maintaining this action. Giving to a thief a depositor's pass book and a letter addressed to him by the name of the depositor would be sufficient identification for any bank in the ordinary course of business. The negligence commenced with the Lockport bank in failing to make any inquiry, through extreme carelessness, about the person to whom they were giving checks and a depositor's pass book, and to whom they were writing letters in the name of a depositor.

There is much more in this case than the mere giving of a check drawn to the order of a genuine depositor; there are the additional facts of identification furnished to the drawee, whereby he could readily deceive innocent purchasers for value.

For these reasons I am for affirmance.

POUND, Ch. J., KELLOGG and HUBBS, JJ., concur with LEHMAN, J.; CRANE, J., dissents in memorandum in which O'BRIEN, J., concurs; not sitting, CROUCH, J.

Judgment reversed, etc. (See 262 N. Y. 635.)