Van Rensselaer Halsey et al., Individually and as Liquidating Partners of the Firm of C. D. Halsey & Co., Plaintiffs, *v.* Bank of New York and Trust Company, Respondent, and President and Directors of the Manhattan Company, Appellant, Impleaded with Others.

(Argued January 29, 1936; decided March 3, 1936.)

*Winfred C. Allen* and *Raymond B. Stringham* for appellant. The moving papers fail to establish that the payee indorsements were forgeries. (*Strang* v. *Westchester County Nat. Bank,* 235 N. Y. 68; *American Surety Co.* v. *Empire Trust Co.,* 237 App. Div. 522; *Mercantile Nat. Bank* v. *Silverman,* 148 App. Div. 1; 210 N. Y. 567; *Breedlove* v. *Nicolet,* 7 Pet. 413; *City Council* v. *King,* 15 S. C. L. 485; *Taylor* v. *Insley,* 7 Colo. App. 175; *Tweedy* v. *Jarvis,* 27 Conn. 42; *Riley* v. *Litchfield,* 168 Iowa, 187; *People* v. *Reilly,* 257 Ill. 538; *State* v. *Cameron,* 86 Me.

196; *Hinkle* v. *Collins,* 113 Mich. 105.) There is no justification for the order granting summary judgment against appellant. (*Tauber* v. *National Surety Co.,* 219 App. Div. 253; *Nemours-Stevens, Ltd.,* v. *Nemours Trading Corp.,* 204 App. Div. 38; *Hallgarten* v. *Wolkenstein,* 204 App. Div. 487; *Gravenhorst* v. *Zimmerman,* 236 N. Y. 22; *General Investing Co.* v. *Interborough P. T. Co.,* 235 N. Y. 133; *United Products Co.* v. *Standard Textile Products Co.,* 224 App. Div. 371; *Curry* v. *Mackenzie,* 239 N. Y. 267; *Tidewater Oil Sales Corp.* v. *Pierce,* 213 App. Div. 796; *Rogan* v. *Consolidated Copper Mines Co.,* 193 N. Y. Supp. 163; *Hurtwitz* v. *Corn Exchange Bank Trust Co.,* 253 N. Y. Supp. 851; *Abercrombie & Fitch Co.* v. *Colford,* 204 N. Y. Supp. 209; *Lonsky* v. *Bank of United States,* 220 App. Div. 194; *United States* v. *Stephanidis,* 41 Fed. Rep. [2d] 958; *Cardo Drug Co.* v. *Chatham & Phenix Nat. Bank,* 209 App. Div. 167.)

*Herbert G. Roleke* for respondent. The appellant is liable to the respondent because of the collection of the checks upon forged or unauthorized indorsements. (*Seaboard Nat. Bank* v. *Bank of America,* 193 N. Y. 26; *American Surety Co.* v. *Empire Trust Co.,* 262 N. Y. 181; *Mercantile Nat. Bank* v. *Silverman,* 148 App. Div. 1; 210 N. Y. 567.) No triable issue is presented for the determination of the court. (*Shipman* v. *Bank of State of New York,* 126 N. Y. 318; *Seaboard Nat. Bank* v. *Bank of America,* 193 N. Y. 26.)

FINCH, J. The plaintiffs brought this action against the original defendant, Bank of New York and Trust Company, to recover the sum of $2,652.12 which it was alleged the bank had improperly charged against the account of the plaintiffs. This sum was the aggregate of certain checks made payable to the order of D. P. McAlindin. It is alleged that the depository did not pay the amount of any of the checks to the named payee. The defendant Bank of New York and Trust Company

impleaded the other defendants and alleged as against them that the plaintiffs drew certain checks payable to the order of D. P. McAlindin; that the impleaded defendants indorsed and presented these checks to the Bank of New York and Trust Company for payment bearing the purported indorsements of the payee, D. P. McAlindin; and that these checks were paid. Apparently the plaintiffs have recovered a judgment for the full amount against the Bank of New York and Trust Company. There is nothing in the record regarding this but a copy of the judgment has been forwarded to the court subsequent to the argument. The defendant Bank of New York and Trust Company made a motion for summary judgment against the impleaded defendants which was denied at Special Term. The Appellate Division reversed and granted the motion. The President and Directors of the Manhattan Company alone appeal.

The affidavits relied upon by the moving party may be briefly summarized. An affidavit of Charles D. Halsey, one of the plaintiffs, sets forth that the plaintiffs were stockbrokers, that the checks in question were drawn upon the defendant to the order of D. P. McAlindin and were duly signed by a partner or employee of the plaintiff firm authorized to sign said checks and that the checks were paid by the defendant Bank of New York and Trust Company, and debited by it to the account of the plaintiffs. It goes on to state that the checks bear the purported indorsement of D. P. McAlindin, the payee, but that D. P. McAlindin did not indorse the checks nor authorize any one else to do so nor receive the proceeds of any of the checks. There are several affidavits of employees and partners of the plaintiffs, who signed the checks, stating that they believed the firm owed the amounts to D. P. McAlindin and that they signed the checks for the purpose of paying him. There is a deposition of one David Peter McAlindin, in which he denies having signed the checks, authorized another to sign them

or received the proceeds of the checks. Finally there is an affidavit of a vice-president of the Bank of New York and Trust Company which alleges that in reliance upon the indorsements of the collecting banks it paid them the amounts of the checks; that it is an intermediate, innocent party, and that if it is obliged to repay the plaintiffs it is entitled to recover from the collecting banks.

The answer of the Manhattan Company alleges that the plaintiffs intended to require the drawee bank to pay these checks to the person to whom they were delivered and who indorsed them as the payee thereof. The affidavits submitted in opposition to the motion allege that the indorsements on the checks were not forged, that it does not appear that the David Peter McAlindin who signed the deposition submitted by the moving party was connected in any way with the plaintiffs or that he was intended as the payee of the checks; that one Arthur Rush, an employee of the plaintiff, maintained an account in the name of " D. P. McAlindin;" that the checks were indorsed by Arthur Rush who had a right to indorse and collect the checks, and that the checks did not result in an overdrawal of the account held by Arthur Rush in the name of " D. P. McAlindin." The affidavits also allege that David Peter McAlindin is a brother-in-law of Arthur Rush.

We have already noted that the record on appeal does not contain a judgment obtained by the plaintiffs against the Bank of New York and Trust Company. Since the Bank of New York and Trust Company can have no claim over against the impleaded defendants in the absence of such a judgment against it there is a patent deficiency in this record alone sufficient to require a reversal. Nevertheless we examine the record on the merits to ascertain whether there is a triable issue of fact.

The Manhattan Company cannot be held liable unless the indorsements on the checks were forgeries. In determining whether there was a forgery the true test is

whether or not the indorsement of the name of the payee was made by the person who was intended by the drawer to be the payee. If such person indorsed, there is no forgery. (McKeehan, The Negotiable Instruments Law, 41 Am. Law Reg. [N. S.] 437, 499, 561; Brannan on The Negotiable Instruments Law [2d ed.], pp. 220, 248.) Normally the person intended as payee is identified by his name and only a person bearing the designated name can properly indorse the check. (*Mercantile Nat. Bank* v. *Silverman*, 148 App. Div. 1; affd., 210 N. Y. 567; *United Cigar Stores Co.* v. *American Raw Silk Co.*, 184 App. Div. 217; affd., 229 N. Y. 532; *Strang* v. *Westchester County Nat. Bank*, 235 N. Y. 68.) The name, however, is not always controlling. Physical presence often is a surer means of identification. Although one may be deceived as to the name of the man with whom he is dealing, if he dealt with and intended to deal with the visible person before him the check may properly be indorsed by the impostor. (*First Nat. Bank* v. *American Exchange Nat. Bank*, 49 App. Div. 349; affd., 170 N. Y. 88.) The attempt at all times is to effectuate the intent of the drawer, and where the impostor, although never physically present, is clearly shown to be the person to whom payment was intended his indorsement on the check is not invalid as a forgery. (*Sherman* v. *Corn Exchange Bank*, 91 App. Div. 84; *Holub-Dusha Co.* v. *Germania Bank*, 164 App. Div. 279.)

The Manhattan Company claims that the case at bar falls within the latter classification. It is their contention that there was an account with the Bank of New York and Trust Company in the name of " D. P. McAlindin " held by a person not of that name, and the drawer of the checks intended them to be paid to the holder of the account regardless of whether his name was D. P. McAlindin or not and that, therefore, the holder of the account could indorse the checks with the name of D. P. McAlindin

without being guilty of forgery. Such a situation, of course, is to be distinguished from a situation where the check is held payable to bearer for the reason that the name adopted as that of the payee was wholly fictitious and this was known to the drawer of the check. (Neg. Inst. Law, § 28; Cons. Laws, ch. 38.) The issue here being whether the checks have been duly indorsed, the cases where the forgery is conceded and a defense of estoppel based on representations or negligence is set up by the drawee bank against the drawer or in so far as available by the collecting bank against the drawee bank are not applicable. (*American Surety Co.* v. *Empire Trust Co.*, 262 N. Y. 181; *National Surety Co.* v. *President, etc., of Manhattan Co.*, 252 N. Y. 247.) If the Manhattan Company can establish its contention at the trial it will be entitled to judgment in its favor. The affidavits raise a triable issue of fact as to the identity of the payee intended which in turn will show whether a forgery has been committed.

Judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; CRANE, Ch. J., taking no part.

Judgment accordingly.