Daniel P. Scanlon, J.
This action is brought to recover $1,150 paid to the defendant upon presentation of plaintiff’s cashier’s check payable to the order of one Andrew Halsne and bearing the forged indorsement of the payee and defendant’s guarantee of prior indorsements.
The case was submitted upon agreed facts, the essential elements of which are as follows:
Andrew Halsne maintained a savings account with the plaintiff, referred to herein as “ Citibank ”. One Robert De Carlo, wrongfully in possession of the Halsne passbook, presented the same to the Citibank with a forged letter, allegedly from Halsne, *429 requesting it to “ let this man (Robert De Carlo) have the amount of Eleven hundred and fifty ($1150.00) from my account, payable to him.” Citibank thereupon gave to De Carlo a cashier’s check payable to the order of Andrew Halsne. No effort was made to compare the signature on the forged letter with the genuine signature of Halsne on the signature card, which was readily available. De Carlo forged Halsne’s indorsement and deposited the check with the Union Center National Bank for deposit. This bank forwarded the check for collection to the Manufacturers Trust Company, the defendant herein, which in turn forwarded the check through the Clearing House to Citibank. Citibank paid the check to the defendant, making no effort to discover whether or not the indorsement of Halsne was genuine. The check bore the usual indorsement stamp of the defendant containing the phrase 1 ‘ prior endorsements guaranteed. ’ ’
The defendant contends that by reason of the negligence of Citibank in failing to discover the forged signature of Halsne no recovery should be permitted.
The liability of the defendant as the collecting bank to repay the moneys paid out on forged indorsements which were guaranteed by it to the Citibank is absolute (Fallick v. Amalgamated Bank of N. Y., 232 App. Div. 127; American Exch. Nat. Bank v. Yorkville Bank, 122 Misc. 616, affd. 210 App. Div. 885).
The negligence here alleged was wholly unrelated to the act of the defendant in taking the check. The defendant was not induced to take the check by any act or representation of the Citibank. It relied solely upon the credit and responsibility of the Union Center National Bank, its transferor.
The negligent failure by a drawer to protect itself against fraud in procuring the making of a draft does not cast upon the drawer the risk that it will be paid upon a forged indorsement (American Sur. Co. v. Empire Trust Co., 262 N. Y. 181).
It might be observed that, in making the check payable to the payee, Halsne, Citibank was acting consistently with the precaution suggested by the court in Hall v. Bank of Blasdell (306 N. Y. 336, 345).
The plaintiff paid the defendant in good faith and in reliance upon defendant’s guarantee of prior indorsements upon an instrument to which the defendant had no title and consequently no right to collect any money thereon (American Exch. Nat. Bank v. Yorkville Bank, supra, p. 621).
Accordingly, judgment is directed in favor of the plaintiff for the relief demanded in the complaint.