Arthur Wachtel, J.
Plaintiff gave his check for $1,850 to the order of Mindy Auto Collision, Inc., in payment of an automobile, title to which was in the payee’s name, to Wallace *486 Karnell, general manager of the payee corporation. The affidavit of sale was signed by Benjamin Karnell, president of Mindy Auto Collision, Inc., and turned over to plaintiff. Plaintiff specifically advised Wallace Karnell that he would not issue the check until he got ‘ ‘ the papers on the car ’ ’ from Mindy Auto Collision, Inc. — not Wapniak, for he did not know Wapniak. Karnell turned the check over to Harold Wapniak without indorsing it. The check was indorsed, as follows: “Mindy Auto Collision, W. Karnell, owner, Parts Service of America,” and was deposited to the credit of the account of Simon Wapniak, doing business as Parts Service of America, in the First National City Bank. Defendant First National City Bank collected the proceeds of the check from the drawee bank Royal. It was later found that the car was stolen. Plaintiff was compelled to refund the money that he received on its resale.
Plaintiff now sues the drawee bank, Royal, on the ground that it had paid on an unauthorized or. forged indorsement. Royal brought a third-party action against the First National City Bank upon its guarantee of all prior indorsements and the First National City Bank in turn brought a fourth-party action against Simon Wapniak, doing business as Parts Service of America.
Defendants, First National City Bank and Wapniak, rely heavily on a previous case tried before Mr. Justice Sabbatim in the Municipal Court, Queens County, Fourth District (Index No. 7060-1959, affd. App. Term, 2d Dept., N. Y. L. J., June 9, 1961, p. 17, col. 5) wherein Sidney Stagman and. Stanley Stag-man, doing business as Allied Auto Service, were the plaintiffs and United National Bank of Long Island was the defendant. I have obtained the record on appeal in that case and find the facts are distinguishable from those in the case at bar. In the Stagman case the plaintiffs sued to recover the proceeds of a check given to one Robert Ezersky, for the purchase of a car which was eventually discovered to be stolen. Ezersky testified that he permitted Wapniak to use Ezersky’s name to buy and sell automobiles under Ezersky’s name; that Wapniak had done so in this case and that Ezersky was not entitled to the proceeds of the check, but that Wapniak was. There was further testimony that Wapniak signed Ezersky’s name to checks “many times ” and did so in this case, and that plaintiff gave the check not to Ezersky but to Wapniak. In the Stagman case there was evidence that the check was paid to the person intended (cf. Beech-nut Packing Co. v. National City Bank, 149 Misc. 682).
There was no such testimony in the case at bar to permit the conclusion that either Harold or Simon Wapniak had authority from the corporate payee, Mindy Auto Collision, Inc., to indorse *487 the corporate name on the check. Furthermore, there was in fact, no actual indorsement of the corporate payee. The indorsement “ Mindy Auto Collision, W. Karnell, owner ” was not an indorsement of Mindy Auto Collision, Inc. Not only was there no sufficient proof of authority to indorse the corporate name, there was, in fact, no indorsement of the corporate name. The inference is that Wapniak had, in fact, no such authority.
Furthermore, in the case at bar, the plaintiff did not deal with Wapniak. He gave the check to Karnell, acting as agent for Mindy Auto Collision, Inc. There is no proof that plaintiff knew of Wapniak’s course of dealing; that he knew the car was stolen at the time when he gave the check to Karnell; that he knew Mindy was used merely as a “ straw man ’ ’ for Parts Service. Suspicion is not proof, and without proof plaintiff may not be barred from his right to recover against Boyal. On the contrary, it appears that Wallace Karnell did not own any stock of Mindy Auto Collision, Inc. He testified that he was the ‘ ‘ owner ’ ’ of Mindy Motors, Inc., but not of Mindy Auto Collision, Inc., at the time of this transaction. It also appears that the car was originally a wreck; that one Muller was the original owner and he was indebted to Wapniak for parts used in its repair; and he had asked Wapniak to sell it for him. Thus, this is not a case of plaintiff intending the proceeds of the check to be paid to the person known by plaintiff to be entitled thereto. There is no proof that Simon Wapniak, doing business as Parts Service of America, was intended by plaintiff to be, and was dealt with by plaintiff as ‘‘ the rightful owner of the check,” as defendant claims he was.
Section 42 of the Negotiable Instruments Law provides: “ Where a signature is forged or made-without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority.” In determining whether there was a forgery “ the true test is whether or not the indorsement of the name of the payee was made by the person who was intended by the drawer to be the payee. If such person indorsed ,there is no forgery.” (Halsey v. Bank of N. Y. & Trust Co., 270 N. Y. 134, 138-139.) This was so in the Btagman case. There is no proof it was so in the case at bar. (Cf. Cohen v. Lincoln Sav. Bank, 275 N. Y. 399.) Under this section Stagman was properly precluded by reason of his conduct on the basis of his implied consent; or, in any *488 event, he was estopped from setting pp the forgery or want of authority. However, in the case at bar there is no evidence of conduct on plaintiff’s part which precludes him from asserting the forgery or want of authority.
Porges v. United States Mtge. & Trust Co. (135 App. Div. 484) relied on by defendants was reversed (203 N. Y. 181) on precisely the ground of lack of proof of authority to indorse. Manufacturers Trust Co. v. Lafayette Nat. Bank (2 Misc 2d 518, City Court, New York County) also relied on by defendants, is in line with the facts of the Stagman and the Beech-nut Packing Go. cases, and so does not apply.
Accordingly, plaintiff is entitled to recover from the defendant Royal State Bank of New York judgment in the sum of $1,850 with interest from May 25, 1959. Royal State Bank of New York in turn is entitled to judgment over against the First National City Bank of New .York in the said amount, and the First National City Bank of New York is entitled to judgment over against Simon Wapniak, doing business as Parts Service of America, in said amount.