**FIRST STATE BANK OF WICHITA FALLS et al., Appellants,**

v.

**OAK CLIFF SAVINGS & LOAN ASSOCIATION et al., Appellees.**

No. 3874.

Court of Civil Appeals of Texas.

Eastland.

May 22, 1964.

Rehearing Denied June 12, 1964.

Malone, Seay & Gwinn, Robert A. Gwinn, Coke & Coke, Jere D. Turner, Dallas, for appellants.

Bailey & Williams, R. T. Bailey, Brundidge, Fountain, Elliott & Churchill, L. E. Elliott, Dallas, for appellees.

COLLINGS, Justice.

Oak Cliff Savings & Loan Association brought suit against the American Bank & Trust Company of Dallas, Texas, to recover funds paid on a forged indorsement. The American Bank & Trust Company, hereafter referred to as American Bank, brought a third party action, jointly and severally, against the First National Bank in Dallas, hereafter called First National and the First State Bank of Wichita Falls, hereafter called Wichita Falls Bank, alleging that the First National and the Wichita Falls Bank had guaranteed the forged indorsement on the check which had been paid by the American Bank. The First National also brought action against the Wichita Falls Bank on the ground that the indorsement on the check had been guaranteed by that bank. The Wichita Falls Bank brought a third party action against the forger of the check and sought judgment for any amount it might be required to pay by reason of the forged indorsement, and also brought a third party action against Oak Cliff Savings & Loan Association, hereafter referred to as Oak Cliff Savings, alleging that the loss for which the association sought recovery was caused or contributed to by various negligent acts and omissions on the part of its officers and employees.

The trial court granted the motion of Oak Cliff Savings for summary judgment against American Bank for the amount of its loss with interest thereon, granted summary judgment in favor of American Bank against the First National and the Wichita

Falls Bank for any sum that American Bank might be called upon to pay to Oak Cliff Savings. A similar summary judgment was entered for the First National against the Wichita Falls Bank. The court denied the Wichita Falls Bank any recovery against Oak Cliff Savings on its claim for contribution or indemnity but did grant judgment in favor of the Wichita Falls Bank against the forger of the check and her husband in the same amount as the judgment rendered against it.

Appellant Wichita Falls Bank presents points in which it is contended that the court erred in rendering summary judgment for Oak Cliff Savings against American Bank, in rendering judgment in favor of American Bank over against the First National and the Wichita Falls Bank, and erred in rendering judgment in favor of the First National over against the Wichita Falls Bank because appellant contends there were controverted issues of fact concerning (1) whether Oak Cliff Savings was negligent in not detecting the forgery of the indorsement in question, and (2) whether the person who indorsed the check was an "imposter in law". Appellant Wichita Falls Bank also contends that the court erred in rendering judgment against it and in favor of Oak Cliff Savings on appellants' third party action for indemnity or contribution because there were controverted issues of fact as to whether Oak Cliff Savings was negligent in not detecting the alleged forged indorsement in time to have prevented appellant from paying the check to the wrong person.

In 8 Tex.Jur.2d on page 451 it is stated:

"Generally, a bank may not charge against its depositor the payment of any check on the forged indorsement of the payee, or of paper bearing a forged indorsement."

On page 452 of the same volume the exception to the above stated general rule is set out as follows:

"Consequently, a depositor may compel restitution of funds paid by a bank on a forged indorsement, unless his negligence or default has misled the bank."

Appellants' contention is that the instant case comes within the exception to the general rule as above set out. Appellant, First State Bank of Wichita Falls, contends that the record shows or at least raises an issue of fact upon the question of whether Oak Cliff Savings & Loan Association was negligent in not detecting the forgery of the indorsement in question.

It is undisputed that a person by the name of I. T. Grisham opened an account with Oak Cliff Savings in 1956, and that the association pursuant to its established policy required a signature card to be signed by I. T. Grisham and delivered a pass book to Grisham showing the amount of the account. Thereafter, I. T. Grisham died and Oak Cliff Savings, upon learning of his death, changed the name of the account to the "Estate of I. T. Grisham" but did not attempt to reflect such account name change on the savings' pass book which had been issued to Mr. Grisham, and did not obtain a signature card from any one authorized to make deposits or withdrawals from said account. In about March 1961, Flora Grisham was appointed Independent Executrix of the estate of her husband I. T. Grisham and Oak Cliff Savings was furnished with letters testamentary granted by the Probate Court. Oak Cliff Savings thereupon changed the name of the account to "Flora Grisham, Independent Executrix of the Estate of I. T. Grisham". However, no change was made on the savings' pass book which had been issued to I. T. Grisham, deceased, and the association did not obtain from Mrs. Flora Grisham an authorized signature card. It is further undisputed that thereafter Flora Grisham, who was the Independent Executrix of her husband's estate, had occasion to write a letter to Oak Cliff Savings on May 1, 1961, and that said letter remained at all times thereafter with the association showing a true and correct copy of the signature of said Flora Grisham.

Oak Cliff Savings had a checking account with American Bank & Trust Company in Dallas. The amount of the account which the Savings and Loan Association owed to Flora Grisham, Independent Executrix, at the time material hereto was $5,669.05. At that time a Mrs. Perry T. Grisham, also referred to as Fredda B. Grisham, went to appellant Wichita Falls Bank and represented herself to be "Flora Grisham, Independent Executrix of the Estate of I. T. Grisham." After some conversation with an employee of appellant Wichita Falls Bank a sight draft was prepared on Oak Cliff Savings with the amount left blank. Mrs. Perry T. Grisham signed the draft "Flora Grisham, Independent Executrix of the Estate of I. T. Grisham", and the draft was sent direct to First National in Dallas for collection, which in turn presented the draft to appellee Oak Cliff Savings which refused payment thereon. The Savings and Loan Association did, however, after a telephone conversation with an employee of the Wichita Falls Bank deliver to the First National Bank its check drawn on the American Bank payable to the order of "Flora Grisham, Independent Executrix of the Estate of I. T. Grisham", in the sum of $5,669.05, which was the exact amount that Savings & Loan Association then owed to the party whose name appeared as payee on the check. The First National forwarded this check to appellant Wichita Falls Bank and an employee of the latter bank personally delivered the check to Mrs. Perry T. Grisham. Mrs. Perry T. Grisham thereupon indorsed the check as follows: "Flora Grisham, Independent Executrix of the Estate of I. T. Grisham". After Mrs. Perry T. Grisham had so indorsed the check appellant Wichita Bank indorsed the check by stamp as follows: "Deposited to the Credit of the within named payee First State Bank of Wichita Falls, Texas". Appellant Wichita Bank then deposited the said sum of $5,-669.05 to the credit of the account of Mr. or Mrs. Perry T. Grisham. After the check had been so indorsed in the presence of an employee of appellant Wichita Bank and had been deposited to the account of "Mr. or Mrs. Perry T. Grisham", appellant Wichita Falls Bank again indorsed the check as follows: "Pay to the order of any bank, banker or trust company, prior indorsements guaranteed, First State Bank, Wichita Falls, Texas", and sent the check to First National in Dallas. The First National then indorsed the check guaranteeing prior indorsements and presented it to American Bank for payment. The American Bank & Trust Company paid the $5,669.05, to the First National Bank and charged the sum to the account of Oak Cliff Savings & Loan Association.

Thereafter, Flora Grisham, Independent Executrix of the estate of I. T. Grisham, contacted the Oak Cliff Savings and requested payment of the amount of her account. After being advised of the circumstances as above shown she executed an affidavit to the effect that the indorsement on the check made payable to her was a forgery. Thereupon the Savings & Loan Association paid Flora Grisham, Independent Executrix the amount of its indebtedness to her, advised American Bank that the indorsement on the check was a forgery and requested that bank to credit the association's account with the sum which had been paid out on the forged indorsement.

Appellant Wichita Falls Bank indicated that it does not dispute the justness of the third party actions over against it as brought by the two Dallas banks, if in fact, Oak Cliff Savings should be entitled to recover from American Bank. Appellant Wichita Bank contends, however, that the Savings & Loan Association was not entitled to recover from American Bank because of negligence on the part of the Savings & Loan Association as alleged in appellants' pleadings and as shown by fact issues presented in the record. Appellant Wichita Bank contends that the Savings & Loan Association was negligent in not obtaining proper signature cards after the death of I. T. Grisham and after Mrs.

Flora Grisham was made Independent Executrix of her husband's estate; that the Savings & Loan Association was also negligent in not securing the pass book on such occasions and making corrections thereon showing the true owner of the account. Appellant Wichita Bank particularly contends that in view of the fact that Oak Cliff Savings had in its possession a letter from Mrs. Flora Grisham which bore her signature, that the association could readily have determined that the signature, both on the draft dated May 31, 1961 and the signature on the check dated June 31, 1961, were forged and that "Flora Grisham, Independent Executrix" was not the person who was attempting to withdraw the money from the account with the Savings & Loan Association. Appellant Wichita Bank also urges that it was negligence on the part of the Savings & Loan Association to fail to follow its practice to require a return of the pass book or an affidavit of its loss upon closing out an account. Appellant contends that each and all of the above alleged acts of negligence on the part of the Savings & Loan Association were the cause of or contributed to the loss of the money to the forger.

■ We overrule the point presented by Wichita Falls Bank contending that there was a controverted issue of fact concerning whether Oak Cliff Savings was negligent in not detecting the forgery of the indorsement in question. Oak Cliff Savings did not honor the draft first presented to it because of its policy in such matters. It had no duty to American Bank, First National or to Wichita Falls Bank to examine the indorsements on the draft or on its check. There is no evidence and no contention is made that Oak Cliff Savings did not notify American Bank, upon which the check was written promptly upon discovering the forgery. The controlling rule in such cases is indicated in Liberty State Bank v. Guardian Savings and Loan Association, 127 Tex. 311, 94 S.W.2d 133;

"A bank paid the check of its depositor upon a forged indorsement of the payee. The jury found the depositor negligent in not sooner discovering the forgery. The Court of Civil Appeals held that the depositor owed no duty to examine the indorsement, and could not therefore be charged with negligence for failure to do so. There was no question but that the depositor promptly notified the bank upon learning that the indorsement was forged. In rendering judgment for the depositor, the court merely reannounced and followed a rule of general acceptation, stated in 3 R.C.L. p. 535, § 165, in this language: 'The duty imposed upon the depositor to examine his pass book and vouchers does not extend to an examination of the signatures of the payees on the returned vouchers, as it is the duty of the bank to determine the genuineness of a payee's indorsement, and the depositor is not expected to know his signature, and the fact that an agent in the employ of the depositor has forged the payee's indorsement does not affect the rule' ".

■ The Liberty State Bank case has subsequently been cited by our Supreme Court with approval. See Liberty Mutual Insurance Company v. First National Bank in Dallas, 151 Tex. 12, 245 S.W.2d 237; Republic National Bank of Dallas v. Southern Brokerage Company, Tex.Civ.App., 338 S.W.2d 295. We also hold as a matter of law that the failure of Oak Cliff Savings to follow its usual practice of requiring a return of the pass book or an affidavit of its loss was not such negligence as to constitute a defense for any of the defendant banks.

■ We also overrule appellants' contention that the court erred in rendering the summary judgment because there are fact issues in the case concerning whether Fredda B. Grisham, who indorsed the check in question was an "imposter in law" in that she was the person to whom Oak Cliff Savings actually intended the check to be de-

livered. The rule in such cases is correctly stated in appellants' brief as follows:

"Where a check is delivered to an imposter as payee and the drawer believes that the imposter is the person upon whose endorsement it will be paid, the endorsement by such imposter in the name which he is using to impersonate another is not a forgery.

"See: First National Bank [in Houston] v. Whitaker [136 Tex. 117], 147 SW (2) 1074, (S.Ct.); Employer's Casualty Co. v. National Bank of Commerce [140 Tex. 113], 166 SW (2) 691 (S.Ct.); General American Life Insurance Co. v. National Bank of Commerce of San Antonio, 348 SW (2) 393 (CCA) and authorities cited at p. 395; Schweitzer v. Bank of America [42 Cal.App.2d 536], 109 P. (2) 441 (Cal.); Halsey v. Bank of New York & Trust Co., [270 N.Y. 134] 200 N.E. 671; Atlantic National Bank of Jacksonville, Florida v. U. S., 250 F. (2) 114 (CA 5th)."

The undisputed facts show that the only contact with Mrs. Perry T. Grisham was by the Wichita Falls Bank. The check drawn by Oak Cliff Savings was made payable to "Flora Grisham, Independent Executrix of I. T. Grisham", and Oak Cliff Savings had no contact whatever with Mrs. Perry T. Grisham and did not deliver the check to her. No fact issue is raised which would support a finding that Oak Cliff Savings intended for the check to be delivered to Mrs. Perry T. Grisham or to any person other than Flora Grisham, Independent Executrix of the Estate of I. T. Grisham. On the contrary, the Wichita Falls Bank delivered the check to Mrs. Perry T. Grisham, obviously believing that she was Flora T. Grisham, Independent Executrix, to whom the check was payable. The Wichita Falls Bank secured her forged indorsement on the check and then deposited the money to her credit.

Appellants' points are overruled and the judgment of the trial court is affirmed.