BESSIE FALLICK and Others, Plaintiffs, *v.* AMALGAMATED BANK OF NEW YORK, Appellant, Impleaded with CORN EXCHANGE BANK TRUST COMPANY, Defendant, and PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Respondent.

First Department, April 10, 1931.

*Stewart Maurice,* for the appellant.

*Felix A. Fishman* of counsel [*Sam L. Cohen* with him on the brief; *Moses & Singer,* attorneys], for the respondent.

McAvoy, J. Plaintiffs sued the defendant, Amalgamated Bank of New York, as their depositary for more than the sum of $10,000 for the payment on forged indorsements of certain checks drawn by plaintiffs' assignors on said defendant.

The Corn Exchange Bank Trust Company and the Public National Bank and Trust Company of New York were brought in as parties to the action, the Amalgamated Bank of New York alleging that the Corn Exchange Bank Trust Company and the Public National Bank and Trust Company were liable over to it for the plaintiffs' claim.

The Amalgamated Bank of New York, in its amended pleading, alleged that the Public National Bank and Trust Company presented thirty-five checks for payment; that all the checks were indorsed by the Public National Bank and the previous indorsement of the name of the payee on each of the checks was guaranteed to be the genuine indorsement of the payee named in each of such checks; that the Public National Bank and Trust Company collected the amount of the checks from the Amalgamated Bank of New York, and that demand for payment has been made and refused, and the Public National Bank and Trust Company of New York is liable over to the Amalgamated Bank of New York for such amount as plaintiff may recover against the Amalgamated Bank.

To this demand in the codefendant's amended answer, the defendant Public National Bank and Trust Company of New York, the indorsing bank, alleges as a first defense that the defendant Amalgamated Bank of New York sent canceled checks and monthly statements of the account of the depositor (Tiffany Fur Dyeing Co., Inc.), plaintiffs' assignor, and that they were received and retained by the depositor with knowledge of all the facts therein contained and without any objection being made thereto, and, because of these circumstances, the Amalgamated Bank of New York is not liable to the plaintiffs, and, therefore, the Public National Bank and Trust Company of New York is not liable to the Amalgamated Bank of New York. It further sets forth that the Amalgamated Bank of New York refused to interpose this defense, and that, therefore, the Public National Bank and Trust Company of New York is not liable to the Amalgamated Bank of New York even if the Amalgamated Bank of New York be held liable to the plaintiffs.

The second defense is that the checks referred to were drawn by

plaintiffs' assignor without including the name of the payee, or that the name was so incomplete that the name could be added to or altered, so that each of the checks was made payable to a fictitious person, or bearer, and that the Amalgamated Bank of New York paid the checks in accordance with the order of its depositor; therefore, plaintiffs are debarred from maintaining the cause of action set forth in the amended complaint; that, because of these circumstances, the Amalgamated Bank of New York is not liable to plaintiffs and the Public National Bank and Trust Company of New York is not liable to the Amalgamated Bank of New York even if the Amalgamated Bank of New York be liable to the plaintiffs.

The third defense is that plaintiffs' assignor received regular monthly statements of accounts, with canceled vouchers, and that these vouchers included the checks described in the amended complaint, and a reasonable comparison of the bank statement and canceled checks with the check stub book of plaintiffs' assignor would have disclosed that the employees were issuing checks for excessive amounts, or in favor of payees other than those named in the bills, or on the payroll; or other facts would have been disclosed which would have put the plaintiffs' assignor on notice of the forgeries and unauthorized indorsements; that plaintiffs' assignor knew, or should have known, of the forgeries, and took no steps to prevent other forgeries; that by reason of these circumstances the Amalgamated Bank of New York is not liable to the plaintiffs, and the Public National Bank and Trust Company of New York is not liable to the Amalgamated. There is also alleged in this defense the usual clause to the effect that the Amalgamated refused to interpose the defense, and, thus, the Public National Bank and Trust Company of New York is not liable to the Amalgamated Bank of New York.

The fourth defense alleges that the plaintiffs' assignor was negligent and facilitated all of the forgeries and unauthorized indorsements, knowing that said checks would be presented to the drawee or collecting banks for payment, and, as between plaintiffs, the Amalgamated Bank of New York and the Public National Bank and Trust Company of New York, the loss, if any, should be borne by the plaintiffs.

The first three affirmative defenses seek to compel the Amalgamated Bank of New York to litigate with the plaintiffs matters which the Amalgamated Bank of New York apparently does not desire to put in issue by its answer to the amended complaint.

The impleaded defendant, Public National Bank and Trust Company of New York, has no legal right to compel the original

defendant to set up any defense, or even a denial as against the plaintiffs, merely for the benefit of the defendant impleaded. If the Amalgamated Bank of New York wishes to forego defenses which it might have against the plaintiffs as assignees of its depositor, either because no such defenses exist, in its judgment, or because it wishes to waive them and rely on its remedy against the collecting bank which guaranteed the indorsements of the payees which turned out to be forgeries, the impleaded bank is in no legal position whereby it may demand that the depositary bank be compelled to interpose a defense; or upon its failure so to do, that it be held liable without recourse to the indorsement liability of the collecting bank.

These three defenses are, therefore, unavailing to the impleaded defendant, Public National Bank and Trust Company of New York.

The fourth affirmative defense is based upon the negligence of the plaintiffs' assignor in so facilitating the forgeries and taking no means to prevent their perpetration, that the loss should not be attributed to the impleaded bank. However, the suit against the impleaded defendant is not based upon the deceit of the Amalgamated Bank of New York through the negligence of the plaintiffs' assignor, but such liability is founded upon the guaranty of the indorsement of the payee by which the collecting bank represented to the Amalgamated Bank of New York that it might safely pay the checks. Therefore, negligence on the part of the drawer in failing to prevent or discover the forgeries is not material or relevant to the question as to whether the Public National Bank and Trust Company of New York guaranteed the indorsements of the payees, and constitutes no defense to the collecting bank.

This rule is based on the legal ground that there is no privity between the drawer and collecting bank, and the drawer owes to it no duty of vigilance. The liability of the collecting bank to repay the moneys paid out on forged indorsements which were guaranteed by the collecting bank to the depositary bank is absolute, and not in any wise dependent upon the liability of the depositary bank to its depositor.

The four defenses being unavailable to the collecting bank, they should have been stricken out, and the order refusing to do so should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; O'MALLEY, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.