MANUFACTURERS TRUST COMPANY, Plaintiff, *v.* HARRIMAN NATIONAL BANK TRUST COMPANY, Defendant.*

Supreme Court, New York County, July 27, 1932.

*Stewart Maurice,* for the plaintiff.

*Fred. Cowden,* for the defendant.

COLLINS, J. The plaintiff assails the legal sufficiency of the separate defense. The contest presents the issue as to whether the loss for paying out moneys on an altered and raised check falls upon the collecting bank, which guaranteed the altered indorsement, or upon the depositary bank.

* Affd., 238 App. Div. 777.

The complaint is predicated upon the theory of the guaranteed indorsement. It alleges that the plaintiff succeeded to the assets of the Chatham Phenix Bank and that the New York Savings Bank, as a depositor of the Chatham, drew its check upon the latter for $1.22 to the order of Alice Nugent; that without the knowledge and consent of the New York Savings Bank or of the Chatham the payee's name was so fraudulently altered as to make it payable to " Alfred Nugent " and raising the amount from $1.22 to $3,881.22; that the altered and raised check was indorsed in the name of " Alfred Nugent " and, so altered and lacking the indorsement of the real payee, came into the possession of the defendant which indorsed it and guaranteed all prior indorsements and collected from the Chatham the raised amount — $3,881.22. The averment of failure to repay follows and judgment is demanded for $3,881.22.

The challenged separate defense sets forth that the loss was occasioned through the handiwork of confederates scheming to defraud banks through forged or raised checks. It asserts that " Alice Nugent " and " Alfred Nugent," employing fictitious names, were members of the confederacy; that " Alfred Nugent " deposited the altered and raised check with defendant bank; that the check, after the defendant had stamped its guaranty of previous indorsements, was paid by the Chatham; that prior to charging the account of the New York Savings Bank for the sum of $3,881.22 the Chatham presented the check to the New York Savings Bank for its inspection and approval and that the New York Savings Bank directed the Chatham to charge the former's account therewith; that the Chatham paid the $3,881.22 pursuant to the instructions of the New York Savings Bank, and that thereafter the defendant permitted " Alfred Nugent " to withdraw the entire amount of his account. This separate defense concludes with the allegation that by reason of the negligence of the New York Savings Bank in issuing the check and its direction to the Chatham to charge the raised check to its account, and the failure of the New York Savings Bank and the Chatham to notify the defendant that the check had been altered, defendant was induced to believe that the check was in all respects regular and that thereby defendant was led to pay out the amount and was prevented from in any manner protecting itself against loss.

There being no privity between the New York Savings Bank and the defendant, no duty of vigilance was due from the former to the latter. Nor can the defendant avail itself of the relation that existed between the New York Savings Bank and the Chatham. The complaint is founded upon the guaranty of the defendant.

That there was a breach of that guaranty is indisputable. Such breach is not vitiated by any act of the New York Savings Bank. " The liability of the collecting bank to repay the moneys paid out on forged indorsements which were guaranteed by the collecting bank to the depositary bank is absolute, and not in any wise dependent upon the liability of the depositary bank to its depositor." (*Fallick* v. *Amalgamated Bank of New York*, 232 App. Div. 127, 130.)

That the Chatham charged the disputed item to its depositor is answered by the following reasoning and language in *American Exchange Nat. Bank* v. *Yorkville Bank* (122 Misc. 616, 621, 622; affd., 210 App. Div. 885): " If all the indorsements were genuine, of course, the plaintiff would be entitled to charge the payments to the account of its depositor, the drawer, because in that event the payments constituted literal compliance with the drawer's directions. If, however, the indorsements of the payees were forged, then the payments were not in compliance with the drawer's directions and they constituted not the payment of any money of the drawer, but the payment of the money of the drawee, the plaintiff; and such payments gave the drawee no right to charge the payments to the drawer and not discharge any part of its indebtedness to the drawer. (*General Fire Assurance Co.* v. *State Bank*, 177 App. Div. 745, 750; *Bank of British North America* v. *Merchants' Nat. Bank*, 91 N. Y. 106, 111; *Corn Exchange Bank* v. *Nassau Bank*, Id. 74, 80; *Leather Mfrs.' Bank* v. *Merchants Bank*, 128 U. S. 26; *United States* v. *Nat. Exchange Bank*, 214 id. 302.) A drawee bank which has paid checks the indorsements of which have been forged is thus in the position of having paid out its own money in reliance upon a representation and warranty by the collecting bank that the latter had good title to the checks. Its right upon discovery of the forgery to recover the amounts so paid rests not upon any duty or relation to its depositor, but solely and exclusively upon the ground that the payment was induced by the collecting bank's false warranty. In all such cases the collecting bank has obtained the drawee bank's money without any right thereto. The rights of those two parties are thus wholly dependent upon their own positions, and it has been repeatedly and expressly held that negligence on the part of the drawer in failing to prevent or discover the forgeries is wholly immaterial and does not constitute a defense to the collecting bank. (*Corn Exchange Bank* v. *Nassau Bank*, *supra*, 75, 76; *Seaboard Nat. Bank* v. *Bank of America*, 193 N. Y. 26, 32; *N. Y. Produce Exchange Bank* v. *Twelfth Ward Bank*, 135 App. Div. 52; *U. S. Mortgage & Trust Co.* v. *Liberty Nat. Bank*, 112 Misc. 149; affd., 195 App. Div. 890; *Sprague*

v. *West Hudson County Trust Co.*, 92 N. J. Eq. 639.) It is well settled, too, that identically the same principles which render the collecting bank liable to the drawee bank also give the collecting bank a remedy over against those from whom it received the checks and upon the faith of whose indorsement and responsibility it took them, and those persons likewise have a remedy over against their own prior indorser ' until the wrongdoer is finally made to pay.' "

Again (at p. 624): " The alleged negligence of the insurance company would not constitute any defense to a claim by it against the plaintiff if the plaintiff had attempted to charge the payments on these checks to its account for the precise reason that the plaintiff, despite that negligence, has a remedy against the Yorkville Bank upon its guaranty of the indorsements, and, therefore, sustained no loss in consequence of the negligence. It follows that that alleged negligence gives the Yorkville Bank no remedy over against the insurance company."

The law thus clearly establishing the defendant's liability on its guaranty, the separate defense is defective, and it must be stricken out. Motion granted.