NATIONAL SURETY CORPORATION, Plaintiff, *v.* FEDERAL RESERVE BANK OF NEW YORK, Defendant, and NATIONAL SAFETY BANK AND TRUST COMPANY OF NEW YORK et al., Impleaded Defendants.

Municipal Court of the City of New York, Borough of Manhattan, August 12, 1946.

*Maurice & McNamee* for plaintiff.

*Walter S. Logan* for defendant.

*Katz & Spector* for National Safety Bank and Trust Company of New York, impleaded defendant.

WATSON, J. Plaintiff is a domestic corporation. The City of New York (hereinafter called the City) is a domestic municipal corporation. The defendant, Federal Reserve Bank of New York (hereinafter called the Federal Reserve Bank) is a Federal banking organization. The Chase National Bank (hereinafter called the Chase Bank) and the impleaded defendant, the National Safety Bank and Trust Company of New York (hereinafter called the National Safety Bank) are national banks.

The complaint alleges in substance: the City maintained with the Chase Bank an account subject to withdrawal by checks. The City drew its check upon the Chase Bank, payable to the order of a named payee. This check, bearing the purported indorsement of the payee, the Federal Reserve Bank indorsed, thereby guaranteeing all prior indorsements upon said instrument, and presented it for payment to the Chase Bank, which latter bank relying upon said indorsement and guarantee, paid the amount of said instrument to the Federal Reserve Bank. The indorsement in the name of the payee was a forgery. Plaintiff had insured the City and any bank in which it carried an account, subject to withdrawal by checks, against certain losses sustained through payment of any instrument drawn by the City upon which the signature of any indorser had been forged. Plaintiff paid the loss and thereby became subrogated to all rights of salvage and the Chase Bank assigned its cause of action to the plaintiff, which received the assignment as a salvage operation.

The second defense contained in the answer of the Federal Reserve Bank alleges that the Chase Bank paid the check December 26, 1942, and charged the amount thereof to the account of the City; that the Chase Bank returned to the City the voucher for such payment some time in January, 1943; that the City did not, within two years thereafter, notify the Chase Bank that the check bore a forged or unauthorized indorsement; that by reason thereof the Chase Bank was not liable to the City by reason of the payment of the check; that any payment to the City by the Chase Bank was voluntarily made and without consideration, and that the Chase Bank sustained no loss by reason of the payment of the check.

The third defense contained in the answer of the Federal Reserve Bank alleges that by virtue of section 43 of the Negotiable Instruments Law it is the declared public policy of the State that a drawee bank is under no liability to a depositor for paying a check bearing a forged indorsement where the depositor fails to notify the drawee bank of its claim within two years after the voucher is returned, and by reason of said public policy the drawee bank may not enrich itself by any recovery against prior indorsing banks where no liability to its own depositor exists.

I hold that each of these defenses is insufficient in law.

It is not disputed that an indorsing bank collecting a check from the drawee warrants the genuineness of the indorsement in the name of the payee (Negotiable Instruments Law, §§ 115,

116; *Hartford Acc. & Ind. Co.* v. *First Nat. Bank,* 281 N. Y. 162, 168).

The liability of the collecting bank upon such warranty has not been changed or qualified by section 43 of the Negotiable Instruments Law, upon which the Federal Bank relies. That section provides: " No national bank or banking organization as defined in the banking law shall be liable to a depositor for the payment by it of a check bearing a forged or unauthorized endorsement unless, within two years after the return to the depositor of the voucher of such payment, such depositor shall notify the bank that the check so paid bore such forged or unauthorized endorsement."

This provision is patterned after the provision of section 326 applicable to forged or raised checks. Of the latter section, it has been held that it is " one of those general statutes which promulgate rules of substantive law rather than of pleading or evidence " (*Shattuck* v. *Guardian Trust Co.,* 204 N. Y. 200, 210); and section 43 has been similarly construed (*Bloch* v. *Schwartz,* 266 App. Div. 188; *Commander-Larabee M. Co.* v. *Manufacturers Traders Trust Co.,* 61 F. Supp. 341, 343). Such construction, however, does not aid the collecting indorser. By its terms, section 43 declares a rule applicable as between depositor and drawee bank. It does not extend that rule in favor of an indorser who has warranted the genuineness of the indorsement purporting to be that of the payee. It does not touch upon the liability of such a collecting bank indorser to the drawee. It leaves unchanged the rule that " The liability of the collecting bank to repay the moneys paid out on forged indorsements which were guaranteed by the collecting bank to the depositary bank is absolute, and not in any wise dependent upon the liability of the depositary bank to its depositor." (*Fallick* v. *Amalgamated Bank of New York,* 232 App. Div. 127, 130; see, also, *American Exchange Nat. Bank* v. *Yorkville Bank,* 122 Misc. 616, 627, affd. 210 App. Div. 885; *Manufacturers Trust Co.* v. *Harriman Nat. Bank Trust Co.,* 146 Misc. 551, 553, affd. 238 App. Div. 777.) Under that rule, I hold that the collecting bank may not urge as a defense the failure of the drawee bank to avail itself of the provisions of section 43.

When public policy does not prevent, a party may waive the benefit of a statute, or even a constitutional right (*Matter of New York, Lackawanna & Western R. R. Co.,* 98 N. Y. 447, 453; *Sentenis* v. *Ladew,* 140 N. Y. 463, 466; *City of Ithaca* v. *Ithaca Street R. Co.,* 145 App. Div. 675). There is in this statute no discernible public policy other than that the benefit

of its protection may be invoked by a depositary bank as against its depositors. It permits, but does not compel, the bank to avail itself of this benefit; it is no more mandatory than the Statute of Limitations. Sound business judgment may well dictate the wisdom of waiving that benefit in favor of a substantial depositor, especially when, as here, the bank has recourse to an amply responsible indorser or surety company. A waiver, in such circumstances, would not contravene public policy.

In *Fallick* v. *Amalgamated Bank of New York* (232 App. Div. 127, *supra*), an analagous case, the Appellate Division, First Department, per McAvoy, J., said (p. 130): " If the Amalgamated Bank of New York [depositary] wishes to forego defenses which it might have against the plaintiffs as assignees of its depositor, either because no such defenses exist, in its judgment, or because it wishes to waive them and rely on its remedy against the collecting bank which guaranteed the indorsements of the payees which turned out to be forgeries, the impleaded [collecting] bank is in no legal position whereby it may demand that the depositary bank be compelled to interpose a defense; or upon its failure so to do, that it be held liable without recourse to the indorsement liability of the collecting bank."

It is urged that waiver would be in the nature of a gift and *ultra vires*. The Federal Reserve Bank has no standing to object on that ground; it has no bearing upon the liability of that defendant as guarantor of the purported indorsement of the payee. Furthermore, the argument is without merit. The Chase Bank, upon the facts alleged in the complaint, was indebted to the City in the amount which it paid out on the forged indorsement; as already stated, it was not bound to resist payment of that debt, although the statute gave it that privilege; therefore, recognition and payment of the debt would not constitute a gift.

The argument that the Chase Bank sustained no loss is untenable. " A drawee bank which has paid checks the indorsements of which have been forged is thus in the position of having paid out its own money in reliance upon a representation and warranty by the collecting bank that the latter has good title to the checks. * * * In all such cases the collecting bank has obtained the drawee bank's money without any right thereto." (*American Exchange Nat. Bank* v. *Yorkville Bank,* 122 Misc. 616, 621, *supra*); *Manufacturers Trust Co.* v. *Harriman Nat. Bank Trust Co.,* 146 Misc. 551, *supra*.) In suing the collecting bank, the drawee " is suing to recover its own money * * *

and is not recouping a loss '' (*American Exchange Nat. Bank* v. *Yorkville Bank, supra,* p. 626; *Franklin Sq. Nat. Bank* v. *Great Atlantic B. M. S. Corp.,* 186 Misc. 524, 527, affd. 270 App. Div. 930). Therefore, the question of loss, apart from the loss involved in the fact that the drawee pays out money on the check, is irrelevant (*Franklin Sq. Nat. Bank* v. *Great Atlantic B. M. S. Corp., supra*).

In support of its contention that the Chase Bank suffered no damage, the Federal Reserve Bank cites *Halsey* v. *Bank of New York & Trust Co.* (270 N. Y. 134), *Merchants' Nat. Bank* v. *Federal State Bank* (206 Mich. 8) and *United States* v. *Guaranty Trust Co. of N. Y.* (293 U. S. 340, 351). The *Halsey* case (*supra*) was an action by depositors against the drawee bank. The latter impleaded indorsing banks and moved for summary judgment over. The court held that the drawee bank could have no claim over against the impleaded defendants in the absence of a judgment against it, as to which the record was defective. It also held that on the question of forgery a triable issue was presented. The decision did not pass upon the question here under consideration. The *Merchants' Nat. Bank* case (*supra*), a Michigan decision, is at variance with the New York cases (cf. *American Exchange Nat. Bank* v. *Yorkville Bank, supra,* and *Franklin Sq. Nat. Bank* v. *Great Atlantic B. M. S. Corp., supra*), and therefore I disregard it. In *United States* v. *Guaranty Trust Co. of N. Y.* case (*supra*), the court, referring to the suggestion that there could not be recovery on the guarantee of prior indorsements because of failure to show damages from the alleged breach, said it had no occasion to pass on it.

The first and second defenses contained in the cross answer of the impleaded defendant, National Safety Bank, correspond with the second and third defenses, respectively, contained in the answer of the Federal Reserve Bank, and on the motion of the latter bank these first and second defenses of the impleaded defendant are treated in the same manner as are the second and third defenses of the defendant, Federal Reserve Bank.

Both motions, therefore are granted. On plaintiff's motion, the second and third defenses contained in the answer of the defendant, Federal Reserve Bank, are stricken out. On the motion of defendant, Federal Reserve Bank, the first and second defenses contained in the answer of the impleaded defendant, National Safety Bank, are stricken out.