Xavier C. Riccobono, J.
Plaintiff bank, which paid a check drawn upon it by a customer after the check had been altered to increase its apparent face amount from $125.25 to $37,125.25, brings this action to recover the amount of $37,000 which it paid without authorization and which it recredited to the customer’s account. The defendants are the payee of the check, the bank to which the altered check was presented by defendant payee, and the bank which accepted the check from the depository bank *960 and in turn presented the check to plaintiff for payment. At the time of presentment to plaintiff, the altered check bore the indorsement of all three defendants.
Plaintiff now moves for summary judgment against all three defendants. Defendant Bacon Corp., the payee of the check, has defaulted on this motion, and indeed it is not shown that defendant Bacon Corp. has appeared in this action. The motion must be granted on default as to defendant Bacon Corp. As to the remaining defendants, the banks, which have each answered the complaint and have appeared in opposition to this motion, the action must be severed and the motion considered upon the merits.
Plaintiff contends that defendant banks, as indorsers of the check in issue, are liable to plaintiff for plaintiff’s loss due to the alteration of the check, by reason of having breached the warranty provided by section 3-417 (subd. [2], par. [c]) of the Uniform Commercial Code, which provides that any person who transfers by indorsement and for consideration a negotiable instrument warrants to any subsequent holder who takes the instrument in good faith that the instrument has not been materially altered. Plaintiff contends further that defendants, as customer and collecting banks liable to plaintiff, as the payor bank, by reason of breach of warranty under section 4^-207 (subd. [1], par. [c]) of the Uniform Commercial Code which provides, with exceptions not herein relevant, that a customer or collecting bank obtaining payment upon instrument for the payment of money warrants to the payor bank that the item has not been materially altered. (The definitions of “ payor bank ” and ‘ ‘ collecting bank ’ ’ are found in section 4r-105 of the Uniform Commercial Code.)
Defendant banks, however, contend there is at least the triable issue of fact as to whether the drawer of the check, by its negligence in the making thereof, contributed to the alteration, and accordingly that the proper remedy of plaintiff is against the drawer and that plaintiff may therefore not assert the claims asserted herein against defendant banks.
If it is to be found that the negligence of the drawer of the check facilitated the alteration thereof so as to increase its apparent value by $37,000, that is, if the drawer made the check in such a way as to lighten the burden of the person who inserted the figures “ 37 ” in front of the amount in which the drawer made the instrument, then the drawer would have no claim against the plaintiff, the drawee and payor bank of the. check, for the amount paid due to the alteration (Uniform Commercial Code, § 3-406).
*961 Furthermore, if the alteration of the cheek was due to the negligence of the drawer thereof, the customer of plaintiff, then plaintiff has a valid defense against its customer’s claim for recrediting of its customer’s account in the amount paid without the customer’s authority (Uniform Commercial Code, § 4-406).
Therefore pursuant to subdivision (5) of section 4-406 of the Uniform Commercial Code, if plaintiff has a valid defense against the drawer because the drawer was negligent in making the check and if plaintiff has waived that defense or has failed to assert the defense upon request, plaintiff payor bank may not assert its claim based upon the alteration against the defendant collecting banks.
No New York authority is found in support of this holding which requires that the estoppel provided by subdivision (5) of section 4-406 of the Uniform Commercial Code be read to cover the claims based upon the warranties provided by sections 3-417 and 4-207 of that law. However, this view is supported by dictum of the Supreme Judicial Court of Massachusetts in Stone & Webster Eng. Corp. v. First Nat. Bank & Trust Co. of Greenfield (345 Mass. 1, 9). Furthermore, this view is supported by official commentary “7” to McKinney’s Cons. Laws of N. Y., Book 62%, Uniform Commercial Code, § 4-406 which states that subdivision (5) of section 4 — 406 is intended to reject the holding of the Appellate Division, First Department, in Fallick v. Amalgamated Bank of New York (232 App. Div. 127), and other cases, which, if still binding, would require a contrary result.
Whether or not the negligence of the drawer of the check contributed to the alteration thereof is a matter not within the knowledge of the parties opposing this motion for summary judgment, the defendant banks. The court feels, therefore, that summary judgment should not be granted against them until they have had the opportunity to examine the check in issue and to conduct other disclosure proceedings in order to marshal facts which may enable them to defeat summary judgment. However, the court is also of the opinion that if no issues of fact can be found to defeat summary judgment, plaintiff should not be put to the burden of a trial.
Accordingly, the discretion of the court, pursuant to subdivision (f) of CPLB, 3212 will be invoked to order a continuance and to allow defendant banks an opportunity to conduct disclosure proceedings.
The motion is granted as to defendant Bacon Corporation, and the action is severed as against defendants Federal Beserve Bank of New York and the National Bank of Orange & Ulster Counties. The motion is denied as to these defendant banks with *962 leave to plaintiff to renew after these defendants have completed disclosure proceedings or upon a showing that these defendants have failed seasonably to complete disclosure.