Harry Richard Brown, J.
These actions involve recovery of the proceeds of a check, drawn by Jensen Movers to the order of "Lewittes,” dated May 10, 1971, in the amount of $590.15. Plaintiff (the alleged payee) moves for summary judgment, and the defendant (collecting bank) cross-moves for summary judgment.
Defendant Peoples National Bank of L. I. was later acquired by the third-party plaintiff Bankers Trust of Suffolk. Both parties consent to amending the caption to change defendant’s name accordingly.
The third-party defendant Union National Bank of Chicago (the drawee) moves to dismiss the third-party action against it. Third-party codefendant Jensen Movers (the drawer) is a presently nonexistent unincorporated business association which was a customer of plaintiff. Third-party codefendant Margaret Marino deposited the check, containing plaintiffs forged endorsement, into her joint account with Peter Marino at defendant bank. (A thief, known as Joel Simpson, had given or negotiated the check to Margaret Marino.)
Plaintiffs case is based upon its rights as third-party defendant Union’s assignee to go against defendant collecting bank for breach of its statutory and express warranties of the genuineness of prior endorsements.
*1015 Union’s motion to dismiss the third-party action as to it is considered first. This motion is based upon CPLR 3211 (subd [a], par 8), i.e., lack of in personam jurisdiction. Union argues that since it is a national bank with home offices in Chicago it may be sued only in the State and county where it maintains its principal place of business, according to the National Bank Act (US Code, tit 12, § 94). Union argues that the provisions of this section are mandatory upon State courts and override the jurisdiction and venue provisions of the State, unless the national bank expressly waives its immunity. Union states that it is neither licensed to do business nor maintains any branches in New York, that the check in question was drawn in Chicago, and that there was no waiver of any Federal venue provisions. Therefore, it appears that this court lacks jurisdiction to entertain the suit against this third-party defendant, and it is accordingly dismissed.
Defendant opposes plaintiff’s motion, and cross-moves for summary judgment on several grounds.
First, defense counsel believes that plaintiff, rather than its assignor, suffered the loss complained of since he believes that the loss was charged against Union’s customer, i.e., the drawer Jensen Movers. Defendant then surmises that the real party in interest here is not plaintiff, but is instead an insurance company which covered plaintiff against employee thefts.
Lawsuits by assignees of drawee banks have been upheld on challenges that, if the drawee sustained no damages, the assignee must be barred from suing the collecting bank. (Maryland Cas. Co. v Chase Nat. Bank of City of N. Y., 153 Misc 538; General Fire Assur. Co. of Paris, France v State Bank, 177 App Div 745; National Sur. Corp. v Federal Reserve Bank of N. Y., 188 Misc 207.) Furthermore, a motion for summary judgment may not be defeated by charges based upon surmise, conjecture and suspicion. (Shapiro v Health Ins. Plan of Greater N. Y., 7 NY2d 56, 63.)
The warranty of genuineness of prior endorsements is spelled out in subdivision (2) of section 3-417 and subdivision (2) of section 4-207 of the Uniform Commercial Code. Besides these statutory warranties, the defendant here also expressly warranted to the same effect by its stamped notation on the reverse side of the check — "Pay, any bank — P. E. G.” (P. E. G., in banking practice, stands for "prior endorsements guaranteed”). The drawee’s (Union’s) responsibility upon presentment *1016 of the check, is to determine the genuineness of the maker’s signature, but as to all other endorsements it was entitled to rely upon defendant collecting bank’s warranty. (Corn Exch. Bank v Nassau Bank, 91 NY 73.)
Plaintiff has submitted the recent opinion of Judge Irving Smith of the New York Civil Court in Lewittes Furniture Enterprises v Chase Manhattan Bank, N. A. (Docket No. 66795-74), which involved a similar factual situation. Judge Smith cites the case of Fallick v Amalgamated Bank of N. Y. (232 App Div 127) for the proposition that the liability of a collecting bank to repay money paid out upon a forged endorsement which was guaranteed by the collecting bank is absolute.
However subdivision (5) of section 4-406 of the Uniform Commercial Code sets up the opportunity for the collecting or payor bank to assert defenses in this situation. The Official Comment states that this section was intended to reject the holding of Fallick (supra) in favor of a "public policy * * * imposing on customers the duty of * * * notification [to] banks of forgeries and * * * reasonable time limitations on the responsibility of [payor] banks for payment of forged or altered items.” (Official Comment, McKinney’s Cons Laws of NY, Book 62½, Part 2, Uniform Commercial Code, § 4-406, p 624.) Indeed, the reasoning in the Fallick decision has already been rejected by one court. (Canadian Imperial Bank of Commerce v Federal Reserve Bank of N. Y., 64 Misc 2d 959.)
The implication is that if defendant were to show a certain degree of negligence on the part of the drawer or drawee then it could challenge plaintiff’s claim as the drawee’s assignee.
Defendant claims that plaintiff was negligent in accepting a check made simply to the order of "Lewittes,” bearing no indication of plaintiff’s corporate status to signal the defendant that the check was stolen from a corporation. Indeed, in other circumstances defendant might find relief under section 3-406 of the Uniform Commercial Code, entitled "Negligence Contributing to * * * [an] Unauthorized Signature”, possibly upon the theory that plaintiff’s failure to either reject the check as improperly drawn or to mark it with some indication of corporate ownership might offer ample temptation to a thief to steal and forge the check, because it would contain nothing of a suspicious nature to alert the payor bank. Here however, plaintiff sues as the drawee’s assignee of warranties of the genuineness of prior endorsements and in such, position *1017 is invulnerable to attack by the payor bank under subdivision (5) of section 4-406 and section 3-406 of the Uniform Commercial Code.
Defendant’s third argument is that plaintiff is guilty of unreasonable delay in failing to interpose its claim within a reasonable time after it had learned of the alleged breach of warranty. Subdivision (4) of section 4-207 of the Uniform Commercial Code states that such a claim should be made within a reasonable time after the claiming party learns of the breach. The check in question is dated May 10, 1971, and it was paid by the drawee bank on May 19, 1971. Finally on September 5, 1974, over three years after the check was drawn, plaintiff commenced this action against defendant. In the intervening time period plaintiff took no action against defendant, nor did it take any action against the Marinos for conversion. In addition plaintiff took no initiative against the drawer, Jensen Movers, for goods sold and delivered. Subsequently, Jensen Movers, an unincorporated business association, disbanded and made a general assignment for the benefit of creditors, and the Marinos moved to Florida, thus making any claims over by defendant against them practically impossible.
Defendant argues that plaintiff’s delay stretched beyond any "reasonable” time to make this breach of warranty claim, citing Dobbins v National Union Ins. Co. (70 Misc 2d 1087) in which a three-year delay after actual or imputed knowledge of a forgery was held to be an unreasonable delay under subdivision (4) of section 4-207 of the Uniform Commercial Code.
Plaintiff argues that it is well within its rights in bringing the action more than three years after the occurrence, on the grounds that there is a six-year Statute of Limitations for contract actions. Furthermore, plaintiff’s counsel states that the action was commenced within nine months after the discovery of its forged endorsement, although the affidavit of plaintiff’s officer Stanley Frey suggests that plaintiff had immediate knowledge of the theft of the check.
In this situation the court concludes that knowledge of the theft and forgery of their own check should be imputed to plaintiff since it was certainly in a position to be aware of this and with due diligence could have discovered it, especially since it was apparently aware of a theft and of the thiefs identity. Thus plaintiff should have been aware of the problem with the check in May or June of 1971. In this case its three- *1018 years-plus delay is inexcusable despite the general rule of a six-year period in which to bring contract actions.
Subdivision (4) of section 4-207 of the Uniform Commercial Code therefore indicates that a breach of warranty claim should be made within a reasonable time after the claiming party should have learned of the breach. This section of the code favoring prompt claims is designed to realistically deal with a quick-paced society and ever changing economy. It should avert problems such as defendant would otherwise encounter here, where after over three years’ time its statutory recourse against the drawer, the party converting the check, and the thief, becomes nil because the drawer since dissolved, the converting parties left the jurisdiction, and the thief vanished. Thus this court holds that subdivision (4) of section 4-207 of the Uniform Commercial Code bars plaintiffs claim.
Summary judgment for defendant. Both actions are dismissed.