392 So.2d 738 (1980)
TOP CROP SEED & SUPPLY COMPANY, INC., Plaintiff and Appellant,
v.
BANK OF SOUTHWEST LOUISIANA, Defendant and Appellee.
No. 7930.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*739 Miller, Miller & Craton, John F. Craton, Crowley, for plaintiff-appellant.
John P. Navarre, Oakdale, and Douglas Hebert, Kinder, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and SWIFT, JJ.
CULPEPPER, Judge.
This is a suit to recover the proceeds of three checks of which the plaintiff, Top Crop Seed & Supply Company, Inc., is the payee. Plaintiff alleges the defendant, Bank of Southwest Louisiana, improperly cashed the checks and delivered the funds to one Ross Williams, a stockholder of plaintiff corporation. The defendant bank filed an exception of prescription of one year on the grounds that plaintiff's alleged cause of action is in tort and occurred in 1975 when the checks were cashed, and this suit was not filed until 1978. The trial judge, relying on Fernon v. Capitol Bank & Trust Co., 190 So.2d 504 (La.App. 1st Cir. 1966), sustained the exception and dismissed plaintiff's suit. Plaintiff appealed.
On appeal, plaintiff contends it has alleged a cause of action under LSA-R.S. 10:3-419, and that this suit is on a contract as to which the prescriptive period has not run.
The pertinent portions of plaintiff's petition read as follows:

"2.
"In May, 1975, Ross Williams, then a stockholder of petitioner corporation, took three checks payable to the corporation which were endorsed in the corporate name and cashed them at the defendant bank. Although the checks were not payable directly to Ross Williams, nor were they endorsed to him, defendant gave Ross Williams cash for the checks.

"3.
"The three checks involved are described as follows:
"a) Check drawn on the account of Mr. or Mrs. Coy S. Turner, dated May 9, 1975, payable to the order of Top Crop Seed & Supply, in the amount of $300.00;
"b) Check drawn on the account of Memphis Equipment Company, 766 South Third Street, Memphis, Tennessee, 38101, dated May 14, 1975, payable to Top Crop Seed and Supply Company, Inc. in the amount of $2,518.00;
"c) Check drawn on Paret Ranch dated April 29, 1975, payable to the order of Top Crop in the amount of $3,600.00.

"4.
"The actions of the bank in giving Ross Williams the cash for the corporations checks is not an acceptable banking practice. The bank therefore acted in bad faith in giving Ross Williams the money for the checks and is liable to petitioner for its actions."
LSA-R.S. 10:3-419, the section of our Commercial Laws on which plaintiff relies, reads as follows:
"§ 3-419. Willful refusal to accept or pay; payment on a forgery; innocent representation
"(1) When a drawee to whom an instrument is delivered for acceptance refuses to return it on demand; or when a person to whom an instrument is delivered for payment refuses on demand either to pay or to return it; or when a person pays an instrument on a forged indorsement, he is liable to the true owner.
"(2) In an action against a drawee under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) the measure of liability is presumed to be the face amount of the instrument.
"(3) Subject to the provisions of this Title concerning restrictive indorsements a representative, including a depository or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the *740 business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable to the true owner beyond the amount of any proceeds remaining in his hands.
"(4) An intermediary bank or payor bank which is not a depository bank is not liable solely by reason of the fact that proceeds of an item indorsed restrictively are not paid or applied consistently with the restrictive indorsement of an indorser other than its immediate transferor."
Plaintiff first points to the following definitions in LSA-R.S. 10:4-105:
"`Depositary bank' means the first bank to which an item is transferred for collection even though it is also the payor bank; ...
"`Collecting bank' means any bank handling the item for collection except the payor bank; ..."
Under these definitions, plaintiff argues defendant is both the "depositary bank" and the "collecting bank."
Plaintiff next notes that although this section of our Commercial Laws is very similar to the Uniform Commercial Code version, the Official Comment states it was rewritten to delete reference to Common Law "conversion", which is foreign to Louisiana. Top Crop then cites cases from Common Law jurisdictions for the rule that where a depositary bank or a collecting bank cashes an instrument over the payee's forged endorsement, the payee has a cause of action either for conversion, a Common Law tort, or in contract under U.C.C. Section 3-419. Henderson v. Lincoln Rochester Trust Company, 303 N.Y. 27, 100 N.E.2d 117 (1951); Lewittes Furniture Enterprises, Inc. v. Peoples National Bank, 82 Misc.2d 1013, 372 N.Y.S.2d 830 (1975); and Hechter v. New York Life Insurance Company, 46 N.Y.2d 34, 412 N.Y.S.2d 812, 385 N.E.2d 551 (1978). Plaintiff then proceeds to argue that the closest thing in Louisiana to the Common Law tort "conversion" is "dispossession of a movable", under LSA-C.C. Articles 2936, 2944 and 2961, which provide for the liability of a depositary. Next, we are referred to the discussion in Stone, Louisiana Civil Law Treatise, Vol. 12, Torts Doctrine, Section 255, which indicates the cause of action under C.C. Articles 2936, 2944 and 2961 is not in tort but in contract. Plaintiff says Stone's reasoning is similar to that of the common law courts cited above and provides a basis for finding Top Crop has a cause of action in contract.
We note Top Crop does not argue it has alleged a cause of action under LSA-C.C. Articles 2936, 2944 and 2961. Apparently, plaintiff realizes defendant is not a depositary within the meaning of these code articles. Instead, Top Crop insists it has alleged a cause of action under LSA-R.S. 10:3-419.
If plaintiff's petition does indeed state only a cause of action in tort, then its suit is prescribed, because the checks were cashed in 1975 and this suit was not filed until 1978. We note further that defendant has filed only the peremptory exception of prescription of one year applicable to torts. No exception of prescription based on any other grounds has been filed, nor may other prescriptions be noted by this appellate court of its own motion, LSA-C.C.P. Article 927, so other grounds of prescription are not before us.
However, LSA-C.C.P. Article 927 expressly provides that the appellate court of its own motion may notice the failure of plaintiff's petition to disclose a cause of action. We invoke this rule and will decide this case on the issue which plaintiff presents, i. e., whether its petition states a cause of action under LSA-R.S. 10:3-419, quoted above. Of course, in deciding whether plaintiff's petition states a cause of action all of the well pleaded allegations of fact must be accepted as true. But, also applicable is the rule that no evidence from any source other than the petition may be considered to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. Article 931.
Paragraph No. 2 of plaintiff's petition, quoted above, states the three checks, payable to the corporation, were endorsed *741 in the corporate name. However, the petition does not allege that these endorsements were made by Williams or that they were forged or that they were unauthorized by the corporation.
Although there is no allegation in the petition as to whether the defendant bank is the drawee or the collecting bank, the petition could state a cause of action if it met the requirement of R.S. 10:3-419(1) that "when a person pays an instrument on a forged endorsement, he is liable to the true owner." Thus, whether the defendant bank is the drawee or a collecting bank, it is liable to the plaintiff if it paid the checks on a forged endorsement. There is no allegation that the endorsement was forged. Moreover, even construing the term "forged endorsement" as including an "unauthorized endorsement", as R.S. 10:1-201 indicates it should, there is no allegation in plaintiff's petition that the endorsement was unauthorized.
Plaintiff states in its brief that Ross Williams endorsed the checks in the corporate name, and the defendant bank cashed the checks, despite the fact that plaintiff had never before done any business with this bank and had no accounts there. Of course, we cannot consider these statements in plaintiff's brief as either allegations of its petition or as evidence. We note, however, that even plaintiff's brief does not state the endorsements were unauthorized.
Since plaintiff's petition fails to allege either a forged or an unauthorized endorsement, we conclude plaintiff's petition does not state a cause of action under LSA-R.S. 10:3-419(1). However, it may be possible that the plaintiff could amend its petition so as to state a cause of action under R.S. 10:3-419(1) or under some other provision of the Commercial Laws or under other laws of this State. Under the authority of LSA-C.C.P. Article 934, we will remand this case to the district court with the order that plaintiff amend its petition within 15 days after this judgment becomes final so as to allege facts which, in the opinion of the district court state a cause of action which has not prescribed, and if the plaintiff fails to comply with the order to amend, this action shall be dismissed.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that this case be remanded to the district court with the order that the plaintiff amend its petition within 15 days after this judgment becomes final so as to allege a cause of action which, in the opinion of the district court, has not prescribed, and if the plaintiff fails to comply with the order to amend, this suit shall be dismissed. All costs of this appeal are assessed against the defendant-appellee. Assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.